**GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent,**

v.

**Charles P. DIECKMANN, Sr. and Janet M. Dieckmann, Appellants.**

**Nos. 47449, 47612.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 14, 1984.

Patrick J. Healey, Festus, for appellants.

David F. Senkel, Floyd T. Norrick, Thurman, Smith, Howald Weber & Bowles, Hillsboro, for respondent.

CRIST, Presiding Judge.

Action by an assignee, General Motors Acceptance Corporation (GMAC) for a deficiency on an automobile installment sales contract. Defendants (buyers) counterclaimed on the grounds Lou Fusz Motor Company (seller) sold them a defective Pontiac and refused to take it back. Under the installment sales contract, GMAC was subject to all claims and defenses buyers could assert against the seller. On May 17, 1983, the trial court entered judgment against buyers for the deficiency, interest and attorney's fees. We affirm.

Buyers raise three points on appeal. In their first point, buyers assert the trial court erred in finding against them on Count I of their counterclaim, because as a matter of law they had seasonably revoked their acceptance of the automobile from the seller. There was conflicting testimony as to whether the automobile was defective, and if it was, whether buyers' revocation of acceptance was seasonable. Buyers made nine monthly payments under the installment contract and thereafter made no further payments. Sixteen months after purchasing the automobile, buyers defended a replevin suit by GMAC and entered into a stipulation to keep the car. Buyers kept the car until it was repossessed by GMAC approximately nineteen months after purchase. The testimony tends to show buyers' revocation of acceptance was not seasonable. We give deference to the findings of the trial court when those findings are based on the credibility of witnesses. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 493–95 (Mo. banc 1980); Rule 73.01. We find no error in the trial court's finding against buyers on their counterclaim.

In their second point, buyers assert the trial court erred in refusing to allow them to testify as to statements made by seller's employees. At trial, buyers' attorney attempted to elicit from buyers statements made by an employee of the seller. GMAC's attorney objected to the statements as hearsay, and the trial court sustained GMAC's objection. Buyers' attorney made no offer of proof as to what seller's employee said to buyers. Absent an offer of proof, buyers' point was not preserved for appellate review. *See Brazell v. St. Louis Southwestern Ry. Co.*, 632 S.W.2d 277, 284 (Mo.App.1982). We find no plain error. Rule 84.13.

In their final point, buyers' assert the amount of the judgment entered by the trial court was erroneously calculated. GMAC properly recognizes buyers' point preserves nothing for review. Rule 84.-04(d). In addition, buyers have cited no case authority in support of this point. In any event, we find no substantial miscalculations in the trial court's judgment.

Judgment affirmed in accordance with Rule 84.16(b).

REINHARD, C.J., and SIMON, J., concur.