Martha L. FITZGERALD, Appellant,

v.

DON DARR FORD, INCORPORATED,
and Charles R. Thomson,
Respondents.

No. 52203.

Missouri Court of Appeals,
Eastern District,
Division One.

May 19, 1987.

J.W. Grieves, Manchester, for appellant.

Friedman, Weitman & Friedman, St. Louis, Floyd T. Norrick, James E. Bowles, Thurman, Smith, Howald, Weber & Bowles, Hillsboro, for respondents.

CRIST, Judge.

Plaintiff appeals from a trial court order granting defendants' (dealer and salesman) motion for summary judgment. We affirm.

On April 27, 1984, plaintiff purchased a pre-owned 1981 Mazda from dealer. Within a week of taking possession plaintiff began experiencing problems with the automobile. Plaintiff brought the automobile to dealer and to other mechanics for servicing. The work done on the automobile, from the time of purchase until September 1985, included replacing the tires twice; replacing the brakes, battery, and water pump; as well as changing the oil and having the car tuned. On May 5, 1985, plaintiff wrote dealer seeking rescission of the sale of the automobile and reimbursement for the money she spent on servicing the automobile. Defendants did not accept plaintiff's offer and she brought suit seeking rescission of the sale of the automobile under § 400.2–608, RSMo 1986. The court granted defendants' motion for summary judgment and designated that order final and appealable.

In seeking the summary judgment defendants asserted there was no genuine issue of material fact because (1) plaintiff admitted both the Retail Installment Contract and the Retail Buyers Order disclaimed all warranties, (2) plaintiff did not attempt to revoke her acceptance of the automobile until more than twelve months and 30,000 miles after purchase, (3) while in plaintiff's possession the automobile had been involved in an accident and damage from that accident had not yet been repaired, and (4) plaintiff had not tendered the automobile to defendants upon revocation of her acceptance. The crux of defendants' argument on appeal is that as a matter of law plaintiff "was not entitled to or had failed to timely and properly revoke her acceptance" of the automobile. We agree.

Summary judgment is an extreme remedy that cannot stand unless the record viewed in the light most favorable to the party opposing the motion shows that no question of material fact remains. *Schwartz v. Mills*, 685 S.W.2d 956, 960 [11] (Mo.App.1985).

While generally the determination of whether a rescission is reasonable is a question of fact, situations do exist where reasonable people could not disagree and where as a matter of law a rescission is untimely. *Applebaum v. Falco Leasing Co.*, 447 S.W.2d 799, 802 [5] (Mo.App.1969). There can be no rescission under the facts of this case. Plaintiff drove the automobile over 30,000 miles in little more than a year before trying to revoke acceptance. The automobile had been in an accident, was not repaired, and was taken out of Missouri where it is still in plaintiff's possession. *See Bryant v. Prenger*, 717 S.W.2d 242 (Mo.App.1986) (revocation was not reasonable after automobile had been driven 12,-000 miles); *General Motors Acceptance Corp. v. Dieckmann*, 675 S.W.2d 469 (Mo. App.1984) (revocation not reasonable nineteen months after purchase); *Applebaum*

*v. Falco Leasing Co.*, 447 S.W.2d 799 (Mo. App.1969) (revocation not reasonable eighteen months after purchase when many problems ascertainable within three or four months).

Plaintiff was aware the automobile needed work almost immediately. Within the first six months after buying the automobile plaintiff replaced the tires twice, replaced the brakes (front and rear), replaced the battery, and had various other work done on the automobile, yet she did not attempt to revoke her acceptance. She continued to drive the automobile and incurred additional expenses to maintain it. Only after more, often repetitive, expenses and an accident did she attempt revocation.

Defendants' motion to dismiss the appeal is denied. Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.