Vince WILLIAMS, Plaintiff–Appellant,

v.

MERCANTILE BANK OF ST. LOUIS NA, and Stivers Lincoln Mercury, Inc., Defendants–Respondents.

No. 61634.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 12, 1993.

Edwards, Singer & Wolk, Donald S. Singer, Kenneth E. Dick, Clayton, for plaintiff-appellant.

John F. Sutherland, Mercantile Bank of St. Louis N.A., St. Louis, for Mercantile Bank.

Reid, Murphy and Tobben, Kevin B. Behrndt, St. Louis, for Stivers Lincoln-Mercury.

PUDLOWSKI, Judge.

Appellant Vince Williams appeals the trial court's judgment granting summary judgment in favor of Respondent Stivers Lincoln Mercury and Respondent Mercantile Bank. Appellant alleged, in an eight count petition, various claims arising out of the purchase and financing of an automobile. We reverse and remand in part and affirm in part.

On November 9, 1984, Appellant Vince Williams went to Respondent Stivers Lincoln Mercury (Stivers) to shop for a Lincoln Continental. Appellant spoke with an agent of Stivers who, according to appellant, stated the 1979 Lincoln Continental appellant was interested in purchasing was "mechanically sound" and in good running condition. Appellant claimed this person said the car was covered by a full 30-day warranty on all parts and labor. After reaching a verbal agreement concerning the purchase of the car, appellant was taken to Shirley Lanham's office to complete some paperwork. Appellant contends that Shirley Lanham also represented that the car was covered by a full 30-day warranty. Stivers contends that only a 50-50 warranty, that was stamped on the contract, was offered. Appellant entered into and signed a Motor Vehicle Purchase Agreement with Stivers, whereby appellant would buy the car for $7984. Appellant also submitted a credit application to Respondent Mercantile

Bank (Mercantile) to finance the balance of the purchase price.

On November 13, 1984, appellant returned to Stivers with his trade-in vehicle. At that time a trade-in value was determined for appellant's old car. Appellant also provided a Stiver's credit manager with pay check stubs from his employer, an insurance binder, and a list of four personal references. Appellant made an additional cash down payment and executed a Retail Installment Contract with Stivers. Appellant turned over his trade-in vehicle to Stivers and took possession of the 1979 Lincoln Continental.

On November 16, 1984, an "adverse action" form letter was mailed by Mercantile. This letter stated that credit could not be issued at that time, but that the application for credit was conditioned for approval if appellant provided proof of income, insurance, and four personal references. Mercantile had not yet received this documentation from Stivers on the date the adverse action letter was mailed. After appellant received this letter he telephoned Stivers telling them Mercantile was unable to finance the car and that he also needed some work done on the car.

On November 19, 1984, appellant returned to Stivers to see what could be done about the car. Appellant spoke with a different credit manager about getting the car fixed. Appellant told the credit manager that he wanted the car fixed before he would provide any more information. Unbeknownst to this credit manager, who said that nothing could be done about the mechanical problems until the required credit references were provided, Stivers already had the list of references. The credit manager then telephoned Mr. Frank Reahr, a Mercantile employee. Although appellant was unable to hear this conversation, appellant was summoned to the phone to speak to Reahr. Reahr asked appellant whether he wanted the car. Appellant responded that he did not. After this conversation, appellant left Stivers with the automobile.

A few days later Reahr telephoned appellant at work and again inquired why appellant did not want to go through with the purchase of the Lincoln Continental. Appellant responded that he had encountered mechanical problems with the car and that Stivers would not repair it under a full warranty. Reahr stated that he did not blame appellant.

After consulting an attorney about what to do, appellant returned the automobile to Stivers on November 24, 1984. Stivers would only repair the car pursuant to the 50–50 warranty. Under this warranty, appellant would have to pay 50% of the charges. Appellant left the keys on the credit manager's desk and left the Lincoln on the lot.

Appellant subsequently received a letter from Stivers stating that he would be charged a fee of five dollars for every day the car remained on Stiver's lot. Appellant telephoned Stivers and spoke with Mr. Stivers about the problems he was having and how he thought the car was covered by a full 30–day warranty. Appellant was again informed, however, that the car would only be repaired under the 50–50 warranty.

Appellant never made any payments on the Retail Installment Contract executed to purchase the car. Mercantile sent several letters threatening repossession and telephoned appellant to find out when past due payments were going to be made. Appellant insisted that he did not own the car and that it was in the possession of Stivers. In March 1985, Mercantile repossessed and resold the Lincoln Continental.

Mercantile transmitted a negative credit report to its credit reporting agency concerning appellant. Appellant was subsequently denied credit by several banks and credit card companies.

After appellant's original lawsuit was voluntarily dismissed without prejudice on April 11, 1988, appellant filed the present action on March 31, 1989. The second amended petition of this suit sought relief on eight counts: Count I—Fraud committed by Mercantile; Count II—Fraud committed by Stivers; Count III—Conspiracy to defraud committed by Mercantile and Stivers; Count IV—Unlawful Merchandising Practices committed by Stivers; Count

V—Breach of Contract committed by Stivers; Count VI—Violation of the Magnuson–Moss Act committed by Stivers; Count VII—Libel committed by Mercantile; and Count VIII—Request for Declaratory Judgment.

Various motions were filed by each respondent on these counts. No motions for summary judgment were filed by Stivers, however, with respect to Counts IV, V, VI, and VIII. On December 4, 1991, the trial court heard the motions. The trial court entered summary judgment in favor of respondents on all counts. The trial court denied appellant's motion to reconsider on February 27, 1992, and this appeal followed. Appellant raises six points on appeal.

■ An appellate court reviews the trial court's grant of summary judgment to determine whether the moving party was entitled to judgment as a matter of law. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987). Summary judgment is precluded if there is a genuine issue of material fact when viewing the record in the light most favorable to the party against whom the motion was filed and according that party all reasonable inferences which may be drawn from the evidence. *Id.*

### Summary Judgment in the Absence of a Motion

In his first point, appellant argues that the trial court erred in granting summary judgment on Counts IV, V, and VI of appellant's petition because there were no motions filed seeking summary judgment or dismissal on those counts and no motions were noticed for hearing as to those counts.

■ In order for a trial court to grant summary judgment, it must normally[1] have a motion for summary judgment before it and notice of a hearing must be made. Rules 55.26(a) and 44.01(d). It is incumbent upon the parties seeking relief to initiate action through a motion because courts should not act on their own accord.

Although Stivers filed motions for more definite statements under Rule 55.27(d) regarding these counts, the court cannot treat these as motions for summary judgment.

Furthermore, these motions were never noticed for hearing, and no hearing was ever held on these motions. The notice of hearing served on appellant by Stivers provided only that its motions for summary judgment and to dismiss on the other counts, not the motions to make more definite, were being noticed for hearing. Appellant could not have fully developed the issues and presented issues of fact if not apprised of the opportunity to present evidence to the court in any manner. Thus, there was nothing before the court for decision relating to appellant's Counts IV, V, and VI. The trial court, therefore, erred as a matter of law in entering summary judgment in favor of Stivers on Counts IV, V, and VI.

In his second point, appellant also argues that the trial court erred in granting summary judgment on Count VIII of appellant's petition seeking declaratory judgment because no motion of any type was filed or noticed for hearing by Stivers. Stiver's failure to file a motion of any type challenging Count VIII meets a similar fate as the earlier counts. The trial court erred as a matter of law in entering summary judgment in favor of Stivers on Count VIII.

### Declaratory Judgment Count regarding Mercantile

Appellant also asserts, in his second point, that even though Mercantile filed a motion to dismiss, it was not entitled to judgment as a matter of law on Count VIII. Appellant contends that the determination of whether he reasonably rescinded or revoked acceptance of the automobile purchase contract was a question of fact to be determined by the jury and not appropriately determined upon a motion to dismiss or upon summary judgment. *See Fitzger-*

---

1. In appropriate circumstances a court may treat a motion to dismiss as a motion for sum-

mary judgment. *See Y.G. v. Jewish Hosp. of St. Louis,* 795 S.W.2d 488, 494 (Mo.App.1990).

ald v. Don Darr Ford, Inc., 729 S.W.2d 256, 257 (Mo.App.1987).

■ The trial court properly considered Mercantile's motion to dismiss as a motion for summary judgment under Rule 55.-27(a). Although no matters outside the pleadings were presented to the court, no additional evidence was needed by the trial court to dispose of Count VIII with respect to Mercantile.

■ Count VIII seeks a judgment declaring the rights, status and legal relations of the parties. When an adequate remedy at law already exists, the Declaratory Judgment Act, § 527.010–.140, RSMo 1986, is not to be used except in exceptional circumstances plainly appearing. *Polk County Bank v. Spitz*, 690 S.W.2d 192, 194 (Mo. App.1985).

■ Appellant alleged adequate remedies at law in the other counts of the petition. Appellant asserted various tort claims that the automobile was impaired, that appellant rescinded or revoked the contract, that contract was void, and that both respondents committed fraud. These are adequate legal claims that remove any need for appellant's supplementary request for a declaratory judgment.

The apparent basis for appellant's request for declaratory judgment appears to be § 408.405, RSMo 1986. This section gives consumer debtors certain statutory rights to rescind a transaction. Appellant's failure to plead certain preconditions to invoking the statute, such as, asserting his rights to the seller within 90 days after the receipt of goods,[2] renders insufficient appellant's request for declaratory judgment on the basis of § 408.405.

Furthermore, no exceptional circumstances plainly appear in this case that would allow use of the Declaratory Judgment Act in addition to the alternative remedies alleged by appellant. The trial court properly granted summary judgment in favor of Mercantile on Count VIII.

2. Interestingly, complying with this requirement would entail admitting that a valid contract existed. This contradicts the other counts in

*Fraud Count regarding Stivers*

Appellant's third point asserts that the trial court erred in granting summary judgment in favor of Stivers on Count II of appellant's petition because genuine issues of material fact exist. Appellant argues issues of fact exist concerning representations made about the mechanical condition of the Lincoln Continental and the nature and extent of the warranty.

■ A party confronted by a proper motion for summary judgment may not rest upon the mere allegations or denials in his pleadings, but must, in order to overcome the motion, by affidavit or otherwise, set forth specific facts showing a genuine issue for trial. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989). The affidavits and accompanying materials filed by Stivers in support of its motion, not denied by appellants, stand admitted. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243 (Mo. banc 1984).

Appellant has failed to meet his burden by presenting evidence or affidavits in response to the motion for summary judgment showing a genuine issue for trial. He has merely rested upon the allegations in the pleadings.

Appellant claimed that representations were made to him that the car had a full 30-day warranty on parts and labor. Stivers attached as an exhibit to its motion for summary judgment a copy of the Motor Vehicle Purchase Agreement, signed by appellant, that had a 50–50 power train only warranty stamped on it. Appellant failed to produce any evidence supporting his allegation that he was promised a full 30-day warranty. Without any contrary evidence rebutting Stivers evidence in support of its motion, there is no genuine issue of material fact.

■ Appellant also claims that because agents of Stivers made specific representations that the Lincoln Continental was mechanically sound, issues of material fact were created regarding the condition of the

appellant's petition that are premised upon the assumption that the contract was void.

vehicle and the nature of the representation. In this allegation of fraudulent misrepresentation, however, appellant has failed to set forth specific facts sufficient to show a genuine issue of material fact.

Under Rule 55.15, all averments of fraud must state with particularity the circumstances constituting the fraud. Failure to plead any one of the essential elements of fraud is fatally defective. *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 565 (Mo.App. 1987). Appellant's fraud allegations regarding the "mechanical soundness" of the vehicle failed to contain two elements of fraud: (1) that Stivers intended this representation to be acted upon; and (2) that appellant was ignorant of the falsity of this representation. *See Ackmann v. Keeney–Toelle Real Estate Co.*, 401 S.W.2d 483, 488 (Mo. banc 1966).

Furthermore, appellant fails to state who made the mechanical soundness representation, when it was made, and facts showing a causal connection between the representation and any damages suffered. Appellant also had an opportunity to support his claim of fraud at the summary judgment hearing but failed to present any evidence, beyond these insufficient allegations, that there was a material fact in issue. The trial court did not err in granting summary judgment in favor of Stivers on Count II.

*Fraud Count regarding Mercantile*

Appellant's fourth point states that the trial court erred in granting summary judgment in favor of Mercantile on Count I because there exists genuine issues of material fact. Appellant argues that issues of fact exist as to the content of the conversations between appellant and agents of Mercantile and the intent of Mercantile in making certain statements during those conversations.

■ Appellant attempts to premise his fraud claim against Mercantile upon misrepresentations that allegedly occurred after the automobile purchase transaction was entered into. Appellant entered into the Retail Installment Contract with Stivers prior to the phone calls with Frank Reahr and receipt of the adverse action letter that form the basis of the alleged misrepresentations. Thus, there could be no reliance on any statements of Mercantile in appellant's decision to purchase the Lincoln Continental. *See Zavradinos v. Lund*, 741 S.W.2d 863, 866 (Mo.App.1987) ("There can be no misstatement, fraud, or reliance on any statement which was not prepared until at least a month after the contract was signed").

Appellant contends, however, that Mercantile's alleged denial of credit caused no effective contract to be reached with Mercantile or Stivers. According to appellant, Reahr's question whether appellant still wanted the car and Reahr's statement that he did not blame appellant, as well as the adverse action letter, revealed Mercantile's intent to cease loan processing. Appellant argues that a reasonable person could draw inferences, sufficient to preclude summary judgment, that the transaction would not proceed.

■ Appellant's rationale is based on the false assumption that the Retail Installment Contract was invalidated by the statements of Reahr and the adverse action letter. First, Reahr's statements asking appellant whether he still wanted the car and that he did not blame appellant for not wanting to go through with the deal did not express or imply that financing would be denied. These statements disclose nothing that could be characterized as a representation of intention upon which a reasonable person would rely.

■ Also, the adverse action letter did not deny credit to appellant, but actually "conditioned [the financing] for approval" with proof of income, insurance, and four personal references. At the time appellant received this letter, he had already complied with these conditions by providing this information. A reasonable person would not have been left with the impression that he was denied credit by the adverse action letter. Moreover, appellant was not denied, but actually conditionally granted credit.

■ Finally, we note that "Paragraph 14," which appellant urges conditioned the

Retail Installment Contract on approval of bank financing, was apparently a provision of the Motor Vehicle Purchase Agreement and not a clause of the controlling Retail Installment Contract. Since the Retail Installment Contract governed the rights of the parties and could not be invalidated by Mercantile ceasing loan processing,[3] appellant had no right to rely on the alleged misrepresentations of Reahr to claim the transaction was not completed.

Thus, the Retail Installment Contract was valid throughout the loan processing and never invalidated during any communications between appellant and Mercantile. No further evidence is needed to clarify the facts because appellant cannot assert a claim of fraud against Mercantile. The alleged misrepresentations were made after a valid contract was entered into. *See Dolgin v. Potter Elec. Signal Co.*, 536 S.W.2d 61, 66 (Mo.App.1976). The trial court did not err in granting summary judgment in favor of Mercantile on Count I.

### Conspiracy Count

In his fifth point, appellant argues that the trial court erred in granting summary judgment in favor of Mercantile and Stivers on Count III because there exists genuine issues of material fact and because respondents are not entitled to judgment as a matter of law. Appellant claims issues of fact exist as to the contents of the conversations between the parties and the intent of Mercantile and Stivers in making certain statements to appellant.

Appellant maintains that although both Mercantile and Stivers were fully aware that there was no binding agreement with appellant, they both led appellant to believe that there was in fact no agreement and the transaction would not be pursued. After speaking with each other covertly and purposely out of the hearing of appellant, however, they proceeded with the transaction.

Appellant's whole conspiracy theory rests upon the false assertion that the pur-

chase contract did not exist. This theory collapses because we have found that a valid contract for the purchase of the Lincoln Continental always existed.

■■■■■ Civil conspiracy requires showing "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Chmieleski v. City Products Corp.*, 660 S.W.2d 275, 290 (Mo.App.1983). Conspiracy is not itself actionable in the absence of an underlying wrongful act or tort. *Id.* at 286. Since the underlying fraud counts do not state a cause of action, the allegations that the acts constituting fraud were the result of a conspiracy cannot "breathe life into a cause of action which was otherwise nonexistent." *Bockover v. Stemmerman*, 708 S.W.2d 179, 182 (Mo.App.1986).

There are no material facts at issue that would preclude the entry of summary judgment because appellant failed as a matter of law to allege facts or provide any other evidence of civil conspiracy between respondents. The trial court properly granted summary judgment in favor of Mercantile and Stivers on Count III.

### Libel Count

Appellant argues, in his final point, that the trial court erred in granting summary judgment in favor of Mercantile on Count VII alleging libel. Appellant's asserts his claim was not barred by the statute of limitations and Mercantile is not entitled to judgment as a matter of law.

■■■■■ According to appellant, the libel claim arises because Mercantile transmitted a false report to the credit reporting agency. Appellant contends the credit report was false because Mercantile allegedly refused credit to appellant. Appellant also asserts that this refusal of credit allegedly caused the Retail Installment Contract to become void because of the financing contingency. Therefore, appellant argues he did not own the vehicle repossessed by Mercantile or default on its loan.

Again, appellant's chain of logic is united by the faulty link that Mercantile refused

---

**3.** Notwithstanding, this clause merely gave Stivers the right to condition acceptance on the

approval of financing. It did not invalidate the already accepted purchase contract.

credit to appellant and the Retail Installment Contract was invalidated. As stated above, this premise is false because the Retail Installment Contract does not condition contract validation on financing approval, and Mercantile did in fact approve appellant's credit. Because Mercantile did not refuse credit to appellant and because the contract would not have been invalidated even if Mercantile had refused credit, the Retail Installment Contract was valid. Appellant, therefore, did own the Lincoln Continental. Mercantile was forced to repossess the vehicle when appellant failed to pay. Thus, Mercantile's credit report was not false. Truth is a defense to libel. *Pulliam v. Bond*, 406 S.W.2d 635, 642 (Mo. 1966). We need not address the statute of limitations issue because Mercantile was entitled to judgment as a matter of law. The trial court properly granted summary judgment in favor of Mercantile on Count VII.

The judgment of the trial court pertaining to Respondent Stivers on Counts IV, V, VI, and VIII is reversed and remanded for further proceedings. The judgment of the trial court pertaining to Respondent Stivers on Counts II and III, and Respondent Mercantile on Counts I, III, VII and VIII is affirmed.

CRANDALL, P.J., and GRIMM, J., concur.