Octavio ALVARADO, et al., Appellant,

v.

H & R BLOCK, INC., et al., Respondent.

No. WD 57230.

Missouri Court of Appeals, Western District.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 2000.

Application for Transfer Denied Aug. 29, 2000.

___

John B. Neher, Lexington, for appellant.

Nancy Louise Ellingsworth, Eric G. Zahnd, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ROBERT G. ULRICH, Judge.

Octavio and Sheryl Alvarado appeal from the trial court's grant of summary judgment in favor of H & R Block, Inc., H & R Block Tax Services, Inc. (collectively "Block"), and Samuel W. McWhorter on each of the Alvarado's five count petition based in tort. The Alvarados contend the trial court erred in granting summary judgment in three respects: (1) the trial court's summary judgment was not final and appealable because Mr. McWhorter failed to file a motion for summary judgment, (2) Block failed to plead Missouri's borrowing statute in its statute of limitations defense, and (3) the trial court applied the incorrect state's statute of limitations to the Alvarado's claims.

The judgment of the trial court is affirmed in part and reversed in part.

### Facts

This suit arises out of income tax return preparation services provided to the Alvarados and their corporation by Samuel McWhorter, a franchisee of H & R Block,

Inc. The Alvarados claim these tax services, provided at Mr. McWhorter's principle place of business in Van Horn, Texas, were performed in a negligent and fraudulent manner.

The Alvarados employed Mr. McWhorter to prepare their personal tax returns and the tax returns of their corporation, W.F. Wildcatter, Inc., for the 1987, 1988, and 1989 tax years. During this time period, Mr. McWhorter operated a Block tax preparation service franchise in Van Horn, Texas. Mr. McWhorter prepared and filed the Alvarado's tax returns at his Van Horn, Texas, office. The Alvarados claim they were not residents of Texas when the tax returns were prepared but were merely working in Texas at that time.

In January 1989, the Internal Revenue Service (IRS) sent the Alvarados a notice seeking substantiation of the mileage deduction on their 1987 personal income tax returns. The IRS sent the Alvarados a notice in October 1989, regarding income, deductions, and credits reported on their 1987 personal income tax return. The Alvarados spoke with Mr. McWhorter in January 1990, and Mr. McWhorter represented to them that their execution of IRS Form 2848, Power of Attorney and Declaration of Representative, was necessary. Mr. McWhorter did not sign the Power of Attorney until June 8, 1992.

The IRS sent the Alvarados notices, in February and November 1991, stating that the Alvarado's personal and corporate income tax liability for 1987 was being increased and that the Alvarados were being assessed a negligence penalty on their personal return. The IRS requested information from the Alvarados regarding their 1988 and 1989 personal and corporate tax returns in November 1991, and began an audit of those returns.

On February 25, 1993, the IRS assessed a tax deficiency against the Alvarados for their 1987 personal and corporate income tax returns and sent corresponding notices of deficiency. Soon thereafter, the Alvarados discovered that Mr. McWhorter had failed to appear for previously scheduled meetings with the IRS and had signed an IRS Notice of Deficiency – Waiver without their authorization. The Alvarados terminated Mr. McWhorter's services on April 26, 1993.

The Alvarado's tax dispute regarding all three tax years was finally settled with the IRS in February 1994. The Alvarados instituted the lawsuit against Block and Mr. McWhorter on October 31, 1996. Their petition for damages alleged four courts of tortious conduct, including negligent preparation of tax returns, negligent representation, fraudulent misrepresentation, and negligent misrepresentation against Block as principle of its franchisee, Mr. McWhorter, and against Block and Mr. McWhorter individually. The petition also alleged one count of negligent supervision against Block alone.

Mr. McWhorter filed his answer to the Alvarado's petition on December 9, 1996, which was a one-paragraph general denial of the allegations. He did not plead any affirmative defenses in his answer. He did not file any other pleadings in this case.

Block filed its first motion to dismiss the negligence claims asserting that the Alvarado's claims were barred by the Texas statute of limitations on January 8, 1997. The Alvarados filed suggestions in opposition to Block's motion to dismiss and included the affidavit of Sheryl Alvarado stating that the Alvarados did not live in Texas. The trial court denied the first motion to dismiss. Block thereafter filed its initial answer and later its answer to the first amended petition alleging the Alvarado's claims were "barred by the applicable statute of limitations." Block thereafter filed its amended answer to the first amended petition on January 22, 1999, asserting that the Alvarado's claims were barred by §§ 338 and 339 of the California Code of Civil Procedure and/or Texas Civil Practice and Remedies Code 16.003(1).

Block filed a motion for summary judgment asserting that the Alavarado's claims

were barred by the California statute of limitations. The trial court held oral argument on Block's motion for summary judgment and thereafter granted Block's motion for summary judgment on March 12, 1999. The court's judgment purported to enter judgment in favor of "defendants and against plaintiffs." Alvarado's counsel wrote the trial court, informing the court that its order and judgment was not final for purposes of appeal under Rule 74.01(d). In response to counsel's letter, the court entered its Amended Order and Judgment granting summary judgment against the Alvarados in favor of all defendants, including McWhorter, on March 29, 1999. The trial court found that April 26, 1993, was the date the Alvarados knew or could have known that Mr. McWhorter's and Block's representations to them were false. The court also found that the Alvarados were living in California at all relevant periods alleged in their petition and that their cause of action originated in California and, thus, was barred by California's two-year statute of limitations as applied by the Missouri borrowing statute. This appeal followed.

## Standard of Review

Review of an order granting summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, and the latter is given the benefit of all reasonable inferences from the record. *Id.* Unless the moving party establishes that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, summary judgment is not appropriate. *Id.;* Rule 74.04.

## Jurisdiction

■ The Alvarados contend that the trial court erred in granting summary judgment in favor of all defendants, including Mr. McWhorter, because Mr. McWhorter never filed a motion for summary judgment. The Alvarados claim that since the trial court erred in granting Mr. McWhorter summary judgment, the trial court's order is not final and appealable under Rule 74.01 and this court lacks jurisdiction.

■ A prerequisite to appellate review is that there be a final judgment. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). If the trial court's judgments are not final, the appellate court lacks jurisdiction and the appeal must be dismissed. *Id.* For a judgment to be final and appealable when more than one claim is presented or multiple parties are involved, it must dispose of all of the claims as to all of the parties in the case leaving nothing for future determination. *Moreland v. Farren–Davis,* 995 S.W.2d 512, 516 (Mo.App. W.D.1999). To be a final judgment the court must adjudicate "all the claims and the rights and liabilities of all the parties." Rule 74.01(b).

In this case, the trial court noted on its amended order and judgment that "this motion for summary judgment was filed on behalf of Defendants H & R Block, Inc. and H & R Block Tax Services, the court's judgment applies to all defendants including Samuel H. McWhorter." As the trial court in this case adjudicated all the claims as to all of the parties, the trial court's amended judgment is final and appealable.

■ In order for a trial court to grant summary judgment, it must normally have a motion for summary judgment before it and notice of a hearing must be made. *Williams v. Mercantile Bank of St. Louis NA,* 845 S.W.2d 78, 82 (Mo.App. E.D. 1993). Parties seeking relief must initiate court action by filing a motion because courts should not act on their own accord. *Id.* Mr. McWhorter's sole pleading filed was his answer filed on December 9, 1996, which was a general denial of the Alvarado's claims and did not plead any affirmative defenses. As Mr. McWhorter has failed to file any motion seeking relief, the trial court, therefore, erred as a matter of

law in entering summary judgment in favor of McWhorter.

However, the trial court's erroneous grant of summary judgment in favor of Mr. McWhorter, who failed to file a motion for summary judgment, does not deprive the appellate court of jurisdiction over the trial court's judgment. The summary judgment granted in favor of Mr. McWhorter is reversed and the case against Mr. McWhorter is remanded back to the trial court.

## Block Sufficiently Pleaded its Statute of Limitations Defense

The Alvarados also contend that the trial court erred in granting Block summary judgment because Block failed to sufficiently plead its statute of limitations defense in that Block did not specifically allege Missouri's borrowing statute, section 516.190,[1] in its answer.

■ The statute of limitations is an affirmative defense that must be set forth affirmatively. Rule 55.08; *Heintz v. Swimmer*, 922 S.W.2d 772, 774 (Mo.App. E.D.1996). A party desiring to avail himself of the statute of limitations must plead the particular statute upon which he relies. *Modine Mfg. Co. v. Carlock*, 510 S.W.2d 462, 467 (Mo.1974).

The first pleading filed by Block was its motion to dismiss the negligence claims. Block's motion asserted that the Alvarado's "claims fail because they are barred under Missouri's Borrowing Statute, set forth at § 516.190, RSMo (1996)." Block thereafter, in its answer filed on May 30, 1997, and its answer to the first amended petition filed on April 14, 1998, asserted that the Alvarado's claims were "barred by the applicable statute of limitations." Block filed its amended answer to the first amended petition on January 22, 1999, asserting that the Alvarado's claims were "barred by §§ 338 and 339 of the California Code of Civil Procedure and/or Texas

Civil Practice and Remedies Code 16.003(1)."

■ Block pleaded the Missouri Borrowing statute in its initial responsive pleading, the motion to dismiss. Thereafter, Block pleaded the respective statute of limitations provisions from California and Texas in its amended answer to the first amended petition. Block, therefore, sufficiently pleaded its statute of limitations defense. Point denied.

## California's Statute of Limitations Applies to the Alvarado's Claims

### *Malpractice Claims*

In their third point on appeal, the Alvarados contend that the trial court erred in granting summary judgment in favor of Block because their claims did not originate in California in that the Alvarados lived a nomadic lifestyle, the IRS determined they had no tax home, Block's principal place of business is in Missouri, and Block is incorporated in Missouri. The Alvarados argue that their claims originate in Missouri, and thus Missouri's five-year statute of limitations applies to their claims. Block contends that, by operation of Missouri's borrowing statute, section 516.190, California's two-year statute of limitations is applicable to the Alvarado's claims.

■ In ruling on statutes of limitations issues, the law of the forum state is applied. *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 646 (8ᵗʰ Cir.1982); *Penalosa Co-op. Exchange v. A.S. Polonyi Co.*, 754 F.Supp. 722, 732 (W.D.Mo.1991). Missouri, the forum, considers statutes of limitations issues procedural, and therefore governed by Missouri law. *Id.* Missouri allows five years to bring personal injury actions. § 516.120. When a cause of action 'originates' in a state other than Missouri, however, Missouri applies the foreign state's statute of limitations through Mis-

---

**1.** All Missouri statutory references are to RSMo 1994, unless otherwise indicated.

souri's borrowing statute. *Renfroe*, 686 F.2d at 646. If that state's statute of limitations bars the action, Missouri's borrowing statute bars the action in Missouri as well. *Id.;* § 516.190. Missouri's borrowing statute pre-empts any conflict of laws question. *Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 872 (Mo. banc 1992); *Finnegan v. Squire Publishers, Inc.*, 765 S.W.2d 703, 707 (Mo.App. W.D. 1989); *Bowling v. S.S. Kresge Co.*, 431 S.W.2d 191, 193 (Mo.1968)(no conflict of laws question is presented when § 516.190 is involved.) The borrowing statute constitutes a codification by the Missouri Legislature of a conflicts rule. *Finnegan*, 765 S.W.2d at 707.

Missouri's borrowing statute, § 516.190, provides: "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." "Originated" as used in § 516.190 is synonymous with "accrued" as used in § 516.100. *Penalosa*, 754 F.Supp. at 733.

Section 516.100 states: "for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment. . . ." Damage is sustained and capable of ascertainment when it *can be* discovered or made known, not when the plaintiff actually discovers the injury or wrongful conduct, *Harris–Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo. App. E.D.1998), even though the amount of damage is unascertained. *Lehnig v. Bornhop*, 859 S.W.2d 271, 273 (Mo.App. E.D. 1993). In applying this test, the courts have held that a cause of action accrues when an injury is complete as a legal injury. *Harris–Laboy*, 972 S.W.2d at 524–25. This occurs when the plaintiff could have successfully maintained the action. *Id.* at 525. In the context of causes of

action arising out of errant tax return preparation services, this court, in *Brower v. Davidson, Deckert, Schutter & Glassman, P.C.*, 686 S.W.2d 1, 3 (Mo.App. W.D. 1984), held that the statute of limitations commenced to run on the date of the IRS agent's report, calculating a tax deficiency.

Section 516.100 not only determines when a cause of action accrues but also *where* it accrues for the purpose of applying the borrowing statute, § 516.190. *Penalosa*, 754 F.Supp. at 733; *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984). The cause arises where and when the final significant event that is essential to a suable claim occurs. *Penalosa*, 754 F.Supp. at 733; *Renfroe*, 686 F.2d at 646("plaintiffs' causes of action accrued when, and originate where, their damage was sustained and capable of ascertainment.")

The final significant event required for the Alvarados to have a suable claim is the ascertainment of damages. The Alvarados cause of action accrued where the Alvarados ascertained that they had sustained damages in the form of assessed penalties by the IRS pertaining to the preparation of their tax returns. The Alvarados received the IRS notices, from which they were capable of ascertaining that they had sustained damages, while they were living in California. Therefore, under section 516.100, California's statute of limitations applies to the Alvarado's claims.

Under California law, a claim for accounting malpractice is governed by the two-year statute of limitations contained in California Code of Civil Procedure section 339, subdivision 1. *International Engine Parts, Inc. v. Feddersen and Co.*, 9 Cal.4th 606, 38 Cal.Rptr.2d 150, 888 P.2d 1279, 1280 (1995). Applying the California statute of limitations to the Alvarado's accounting malpractice claims, the statute of limitations commenced on the Alvarado's 1987 personal and corporate income tax returns on February 23, 1993, when the IRS assessed a deficiency against the Al-

varados for those tax returns. The record is unclear when the Alvarados were assessed deficiencies on their 1988 and 1989 personal and corporate tax returns. However, the latest date would have been February 1994, the date the Alvarados settled their tax dispute with the IRS as to all three tax years. Assuming the latest date possible regarding the 1988 and 1989 tax return disputes, February 1994, the Alvarado's petition, filed on October 31, 1996, would still be barred by California's two-year statute of limitations, as applied by the Missouri borrowing statute, § 516.190.

### Fraud Claims

 The Alvarado's fraud claim is subject to the three-year statute of limitations contained in California Code of Civil Procedure section 338, subdivision (d). This statute provides that "[t]he cause of action ... is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." CAL.CIV.PROC.CODE § 338(d) (West 1998). According to the Alvarado's amended petition, the first time they knew or could have known that defendants had made false representations to them was April 26, 1993. The three-year statute of limitations on their fraud claim commenced on that date. Accordingly, the Alvarado's fraud claims, contained in their petition filed on October 31, 1996, are barred by California's three-year statute of limitations.

### Conclusion

The trial court's entry of summary judgment in favor of defendant's H & R Block, Inc. and H & R Block Tax Services is affirmed. The grant of summary judgment in favor of Mr. McWhorter is reversed and the case against Mr. McWhorter is remanded to the trial court.

LAURA DENVIR STITH, P.J., and SMART, J., concur.