**James C. DAY and Day Advertising, Inc., Appellants,**

v.

**DeVRIES AND ASSOCIATES, P.C., F. Coulter deVries, and Daniel R. Jones, Respondents.**

**No. WD 61415.**

Missouri Court of Appeals, Western District.

Feb. 25, 2003.

Arthur A. Benson, II, Kansas City, for Appellant.

Daniel F. Church, Roeland Park, KS, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

In this attorney malpractice lawsuit, the circuit court granted summary judgment for deVries and Associates, F. Coulter deVries, and Daniel R. Jones on the grounds that the claim of James C. Day and Day Advertising, Inc., was barred by the Kansas statute of limitations. Because the cause of action accrued in Missouri and was timely under Missouri's five years statute of limitations, we reverse the judgment and remand for further proceedings.

In September 1998, Day and Day Advertising employed deVries, Jones, and deVries and Associates to represent them in litigation against a former employee, Eric Johnson. Day and Day Advertising sought to enforce a covenant not to compete against Johnson and to take appropriate action in connection with Johnson's default on a loan.

On September 29, 1998, Jones filed a replevin action in Kansas state court in connection with the alleged loan. Although Day was unable to produce the original promissory note, he produced a "copy" which Jones attached to the petition and which Jones used to obtain an *ex parte* order authorizing the seizing of Johnson's automobile. After Johnson obtained his own *ex parte* order allowing him to search Day's and Day Advertising's computer files, deVries and Jones learned that the note submitted to the court was not a copy but was a new document that Day had created shortly before the replevin action was filed.

On October 14, 1998, deVries and Jones summoned Day to their office in Missouri. DeVries and Jones asked Day to sign a document captioned "Statement of James C. Day." The statement said:

> On 9/17/1998, I had my first conference at deVries & Associates, with Dan Jones. I gave Dan Jones a document detailing a car loan that Day Advertising and myself made to Eric Johnson, the defendant in Johnson County District Court case number 98C12357. I told him that it was an unsigned copy of the original and that the original had been stolen from Day Advertising files, by Eric Johnson in my belief. In fact it

was not a photocopy or a computer-disk copy of an original document but instead was a document I had my secretary type on September 17, 1998 based on my memory of what the stolen original document contained. I did not in any way intend or attempt at any time to change the facts, terms or reality of this secured loan by retyping the document. I did not tell Dan Jones when it was really prepared nor did I tell him that it was not an exact copy out of my computer of a similar document that was signed by Eric Johnson. That document was attached to the pleadings in this matter as an Exhibit to the affidavit which I signed and the Petition which I verified.

On October 12, 1998 I conferred with Dan Jones and told him the above facts about the document for the first time.

When Day signed the statement, deVries and Jones told him that they would no longer represent him and were withdrawing as his counsel even though a hearing in the replevin action was scheduled for the following afternoon. DeVries agreed, however, to determine whether deVries could negotiate a settlement with Johnson.

Day returned to Kansas. During the remainder of the day on October 14, deVries conducted negotiations with Johnson's attorney and called Day to notify him of proposed terms. During their second or third telephone conversation, Day tentatively agreed to accept the settlement terms. In the meantime, Day consulted with another attorney because he was concerned that deVries was no longer acting in his best interest. Day felt that he was being asked to capitulate to Johnson as a result of what he perceived to be deVries and Jones' mishandling of the case.

The following day, Day spoke by telephone with deVries, after which Day signed a settlement agreement from his office in Kansas. The agreement provided that all litigation against Johnson would be dismissed with prejudice. It also provided that Day would forfeit a $10,000 replevin bond to Johnson, return the automobile to Johnson and assume all costs associated with its seizure, pay Johnson his final wages, withdraw any opposition to Johnson's claims for unemployment compensation, and cancel Johnson's employment contract, including the covenant not to compete.

On April 27, 1999, Day filed a legal malpractice action against deVries, Jones, and their firm in Kansas state court. After Day's attorney in the malpractice action withdrew, Day did not obtain replacement counsel or appear at a scheduled hearing, and the court dismissed the case without prejudice on July 25, 2000.

On December 18, 2000, Day filed the malpractice action in Missouri state court. DeVries, Jones, and the firm moved for summary judgment on the grounds that the cause of action accrued in Kansas where the settlement agreement was signed and the litigation was terminated and that, under Missouri's borrowing statute, Kansas' two year statute of limitations applied to bar the action. Day filed a response opposing the motion but did not raise the argument that the cause of action accrued in Missouri and was timely under Missouri's five-year statute of limitations. Although Day sought to assert that argument by way of a surreply in opposition to the motion for summary judgment, the court denied him leave to do so and, on January 30, 2002, entered its order granting summary judgment. Day appeals.

As defending parties, deVries, Jones, and the firm are entitled to summary judgment if they are able to establish "that there is no genuine dispute as to the existence of *each* of the facts necessary to support [their] properly-pleaded affirmative defense." *ITT Commercial Finance*

*Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 381 (Mo. banc 1993). Because the propriety of granting summary judgment is purely an issue of law, our review is *de novo* without deference to the circuit court. *Id.* at 376. We review the record in the light most favorable to Day and give him the benefit of all reasonable inferences derived from the record. *Id.* We deem all facts averred in affidavits or otherwise in support of a motion for summary judgment to be true unless contradicted by a proper response. *Id.*

 A party wishing to avail himself of the affirmative defense of limitations must plead the particular statute on which he relies. *Modine Manufacturing Company v. Carlock,* 510 S.W.2d 462, 467 (Mo. 1974). Merely pleading that the "cause of action is barred by the Kansas statute of limitations," as was pled in this case, is not sufficient to raise the statute of limitations defense. *See Heintz v. Swimmer,* 922 S.W.2d 772, 774–75 (Mo.App.1996). Because a defendant may obtain summary judgment on a *"properly-pleaded* affirmative defense," *ITT,* 854 S.W.2d at 381 (we added the emphasis), Day and Day Advertising would have been justified in arguing that deVries, Jones, and the firm were not entitled to summary judgment on the defense of limitations. *See, e.g., Alvarado v. H & R Block, Inc.,* 24 S.W.3d 236, 241 (Mo.App.2000). Because, however, Day did not raise the issue and because the circuit court and Day and Day Advertising were aware of what provisions the movants were referring to, we will review the propriety of summary judgment on the merits.

In Missouri, an action for attorney malpractice must be brought within five years of when the cause of action accrued. Section 516.120(4); [1] *Delp v. Doe,* 895 S.W.2d 91, 92 (Mo.App.1995). If, however, the cause of action accrued in another state and is barred by that state's statute of limitations, Missouri's borrowing statute, § 516.190, is implicated. *Alvarado,* 24 S.W.3d at 241–42. Section 516.190 says, "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." So, if another state's statute of limitations would bar the action if brought in that state, the action is barred in Missouri, too. *Alvarado,* 24 S.W.3d at 242.

 "Originated" as used in § 516.190 has the same meaning as "accrued." *Harris–Laboy v. Blessing Hospital, Inc.,* 972 S.W.2d 522, 524 (Mo.App.1998) (citing *Thompson v. Crawford,* 833 S.W.2d 868, 871 (Mo. banc 1992)). Section 516.100 dictates when a cause of action has accrued:

> [F]or the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

 Because a cause of action originates where it accrues, § 516.100 not only determines when a cause of action accrues but where it accrues for purposes of determining whether the borrowing statute operates to bar an action. *Alvarado,* 24 S.W.3d at 242. "A cause of action accrues when and originates where damages are sustained and are capable of ascertainment." *Elmore v. Owens–Illinois, Inc.,*

---

**1.** All citations to statutes refer to the 2000 Revised Statutes.

673 S.W.2d 434, 436 (Mo. banc 1984); *see also Thompson*, 833 S.W.2d at 871.

■■ Damage is sustained and capable of ascertainment when the damage can be discovered or made known, even if the extent of the damage remains unknown. *Jordan v. Willens*, 937 S.W.2d 291, 294 (Mo.App.1996); *M & D Enterprises, Inc. v. Wolff*, 923 S.W.2d 389, 394 (Mo.App. 1996). The extent of potential damages need not even be knowable. *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997). All that is required for accrual is that some damage be sustained and capable of ascertainment. That additional damage may yet occur does not matter. *Jordan*, 937 S.W.2d at 294. As the Supreme Court has explained:

> In many actions the extent of damage may be dependent on uncertain future events.... Such uncertainties have never been held to preclude the filing of suit and ... have not delayed the accrual of the plaintiff's claim for purposes of the statute of limitations. The most that it required is that some damages have been sustained, so that the claimants know that they have a claim for some amount.

*Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983).

■ In Day and Day Advertising's first point, they argue that the circuit court erred in granting summary judgment because the action is subject to Missouri's five-year statute of limitations in that the action accrued in Missouri and was timely filed. We agree.

DeVries, Jones, and the firm obtained summary judgment on the grounds that Day and Day Advertising first sustained damage capable of ascertainment in October 1998, when Day signed the settlement agreement in Kansas and the litigation was terminated. The circuit court found that, because the action accrued in Kansas, § 516.190 compelled application of Kansas' two-year statute of limitations in K.S.A. 60–513(a)(4). Because the cause of action accrued in October 1998 and Day and Day Advertising did not file the Missouri action until more than two years later on December 18, 2000, the circuit court determined that the action was barred.

DeVries, Jones, and the circuit court overlook the significance of the events transpiring in deVries and Jones' Missouri office on October 14, 1998. Assuming that deVries, Jones, and the firm's actions constituted malpractice, Day would have been in a worse position after he signed the settlement agreement. The damage that Day would have suffered at that moment, however, would have been an aggravation of the legal injury that he would have sustained the day before and, therefore, insufficient to delay accrual. *See Allison v. Missouri Power and Light Company*, 59 S.W.2d 771, 773 (Mo.App.1933) (aggravating circumstances enhancing legal injury and constituting development of the injury do not delay accrual). DeVries and Jones' abruptly leaving Day and Day Advertising without an attorney on October 14, one day before a scheduled hearing, would have compromised the status of Day and Day Advertising's litigation. Day and Day Advertising would have been certain to obtain less than the full benefit of the attorney services for which they had bargained. The choices that deVries and Jones would have left them were to sign a settlement agreement no matter how unfavorable the terms, obtain new counsel, or proceed *pro se* to a hearing scheduled for the following day.[2]

DeVries and Jones argue that Day and Day Advertising's being able to obtain new counsel or proceed *pro se* establishes that Day and Day Advertising had not yet suf-

---

**2.** We, of course, are not passing judgment as to whether deVries, Jones, and the firm com-

fered damage. This argument ignores that Day and Day Advertising would not have had to do either but for deVries and Jones' sudden—albeit apparently necessary—withdrawal from the case.[3] Some damage for some amount is sufficient to trigger the accrual of a cause of action. *Dixon*, 649 S.W.2d at 439.

DeVries and Jones argue that we should not consider whether the action accrued in Missouri because Day and Day Advertising did not dispute that it accrued in Kansas or even raise the suggestion that it accrued in Missouri in their response to the motion for summary judgment. We disagree. The burden to challenge the propriety of summary judgment shifts only when the movants have established a *prima facie* case that they are entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 381. The motion failed to establish beyond dispute that the cause of action accrued in Kansas, a fact necessary to support the affirmative defense of the Kansas statute of limitations.

The cause of action originated or accrued, if at all, in Missouri on October 14, 1998, and the suit is subject to Missouri's five-year statute of limitations. Because Day and Day Advertising's first point is dispositive, we need not reach the remaining points that they raise. We reverse the circuit court's summary judgment and remand the case for further proceedings.

PATRICIA A. BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge, concur.

mitted malpractice. We hold only that to the extent that the circuit court finds that they did, the damage resulting therefrom was sustained and capable of ascertainment in Missouri on October 14, 1998.

3. *See* Rule 4–1.16.