FERRELLGAS, INC., Appellant,

v.

EDWARD A. SMITH, P.C.,
et al., Respondent.

No. WD 65554.

Missouri Court of Appeals,
Western District.

May 9, 2006.

Hugh Lawrence Marshall, Kansas City, MO, for Appellant.

Michael Patrick Joyce, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

The trial court granted summary judgment in favor of Respondents Edward A. Smith, P.C., *et al.*, because the claims brought against them by Appellant Ferrellgas, Inc. were barred by the applicable statute of limitations. Ferrellgas appeals. The judgment is affirmed.

**Factual and Procedural Background**

This appeal arises from a lawsuit filed by Ferrellgas, Inc. against Edward A. Smith, P.C. and Smith, Gill, Fisher & Butts, P.C., ("Smith, Gill"), alleging legal malpractice. The allegations relate to Smith, Gill's representation of Ferrellgas in a California lawsuit, *Hightower v. Buckeye Gas Products*, case no. Indio 54099, Riverside County Superior Court.

The plaintiff in that lawsuit, Allan Hightower, was injured in a propane gas explosion in Blythe, California, in 1985. In October 1985, Hightower filed suit against Buckeye Gas Products, LP, and Buckeye Gas Products Management Company (collectively, Buckeye). Ferrellgas became a party to the lawsuit when it purchased Buckeye from American Premier Underwriters, Inc. (APU) in 1986. Ferrellgas retained Smith, Gill, along with a California law firm, to represent it in the *Hightower* lawsuit. Prior to trial, plaintiff Hightower offered to settle his claim for $275,000. Smith, Gill advised Ferrellgas not to accept the offer. Ferrellgas declined the offer. After a trial, the jury found in favor of Hightower on October 12, 1990, awarding him $2,000,000. The verdict was upheld on appeal. Ferrellgas eventually paid over $3,000,000, including interest, to satisfy the *Hightower* judgment.

Exactly five years after the *Hightower* verdict, on October 12, 1995, Ferrellgas brought suit against Smith, Gill in Jackson County Circuit Court, alleging negligence and breach of contract. Those allegations were based, in part, on Ferrellgas' assertion that Smith, Gill failed to make itself aware and to inform Ferrellgas that if it were assessed just one percent of fault in the *Hightower* case, it would be responsible for the entire judgment. The malpractice case was dismissed without prejudice at Ferrellgas' request after the parties entered into a tolling agreement, effective October 25, 1996.

In October 2001, when the tolling agreement was not renewed, Ferrellgas refiled the lawsuit against Smith, Gill and its successor, Edward A. Smith, P.C. (collectively, the "Smith Firms"). This time, it alleged misrepresentation in addition to negligence and breach of contract. The Smith Firms' defendants asserted as an affirmative defense "that Plaintiff's claims are barred by all applicable statutes of limitations, including, but not limited to,

those of the States of California and Missouri."

The Smith Firms moved for summary judgment in March 2004, arguing, *inter alia*, that all the claims are barred by the applicable statutes of limitations. The Smith Firms explained in their suggestions in support that all three counts were barred by California's one-year statute of limitations for legal malpractice claims, CAL.CIV.PROC.CODE § 340.6, made applicable by Missouri's borrowing statute, section 516.190, RSMo.[1]

The motion referred to a federal case in which APU (the predecessor of Ferrellgas) had brought claims of legal malpractice against Smith, Gill for its handling of the *Hightower* lawsuit, *APU v. Smith, Gill, Fisher & Butts, P.C.*, case no. 95–0828–CV–W1. The federal court granted summary judgment in that case based on the identical statute of limitations defense raised by the Smith Firms in this case, citing § 516.190, RSMo, and CAL.CIV.PROC. CODE § 340.6(a). The motion for summary judgment in this case, which involved the Ferrellgas claim, mentioned that the Smith Firms informed Ferrellgas of that summary judgment ruling prior to the refiling of this lawsuit in 2001 by Ferrellgas.

Ferrellgas argued, in response to the summary judgment motion, that the Smith Firms waived the statute of limitations defense by failing to plead it with particularity in their answers. It also argued that the defense was meritless because the causes of action accrued in Missouri, not California.

The Smith Firms then moved for leave to amend their answers, pursuant to Rule 55.33(a), to include citations to the specific statutes of limitations they were relying

on. The court granted leave to file amended answers. The amended answers included citations to the specific statutes of limitations.

The trial court entered summary judgment in favor of the Smith Firms on the basis of the one-year California statute of limitations for actions against attorneys.

Ferrellgas appeals.

### Standard of Review

Whether summary judgment is appropriate is a question of law, and, therefore, reviewed *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered and accord that party the benefit of all reasonable inferences. *Id.* Summary judgment is proper where the movant establishes that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *Id.* at 380; Rule 74.04.

### Point I: Leave to File Amended Pleading

■ Ferrellgas argues in its first point that the trial court abused its discretion in granting the Smith Firms leave to amend their answers to include citations to the specific statutes of limitations.

■ In granting leave to amend, the trial court reasoned that "plaintiff has known from the beginning of this case the defendants' theory regarding the statute of limitations defense and the statutes relied on. There is no harm to plaintiff." Pursuant to Rule 55.33(a), "leave [to amend] shall be freely given when justice so requires." Whether to allow the amendment

---

**1.** All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

of a pleading is discretionary with the trial court and its decision will not be disturbed absent an "obvious and palpable abuse of discretion." *Kenley v. J.E. Jones Constr. Co.,* 870 S.W.2d 494, 498 (Mo.App.1994). On review, we look to see whether justice is furthered or subverted by the decision. *Id.*

Ferrellgas says that justice did not require that leave be granted to amend the pleadings in this case and that doing so actually subverted justice by depriving it of the opportunity to proceed on the merits of its claim. Ferrellgas argues, in essence, that justice does not require leave to amend an answer to include a statute of limitations defense. Ferrellgas argues that it subverts justice to preclude a decision on the merits, and that doing so advances no relevant public policy.

▆ In granting leave to amend a pleading, the court is to consider the hardships to the moving party if the request is denied, the reasons for failure to include the matter in a designated pleading, and the injustice caused the opposing party when the request is granted. *Rose v. City of Riverside,* 827 S.W.2d 737, 739 (Mo.App. 1992). Ferrellgas contends that it suffers the more severe hardship, because Smith, Gill's mishandling of the *Hightower* lawsuit caused it to lose over three million dollars. Permitting the amendment effectively allows the wrongdoer to avoid any responsibility for that loss, it says.

▆ We find no "obvious and palpable abuse of discretion" in the trial court's granting leave to amend. Trial courts are not to be stingy in granting leave to amend. *See Bohrmann v. Schremp,* 666 S.W.2d 30, 32 (Mo.App.1984). The trial court has broad discretion to grant a party leave to amend his answer; it is an abuse of discretion not to grant such leave when justice requires. *Rose,* 827 S.W.2d at 739. Prejudice is not measured by whether one

party or the other would stand to suffer financial loss as a result of the court ruling. Instead, prejudice is measured by whether a party is deprived of a legitimate claim or defense because the motion for leave to amend caught that party by surprise after it had developed its strategy. *See Id.* In *Rose,* the court noted that the appellants were well aware of the statute of limitations defense sought to be added by amendment because the respondent raised it in the motion for summary judgment. *Id.* The court concluded that "[i]t would be an abuse of discretion to refuse to allow the respondent to amend its answer to include a statute of limitations defense" where the plaintiffs were "well aware the defense existed." *Id.*

The same is true here. As noted by the trial court, Ferrellgas knew from the outset the statute of limitations theory and the applicable statutes. The Smith Firms alleged in their answers that Ferrellgas' cause of action was barred by the applicable statute of limitations of California and Missouri. Prior to refiling its petition, Ferrellgas was aware of the federal district court's ruling granting summary judgment in favor of APU based on the same statutes of limitations that Smith, Gill included in its amendment. There was no surprise and, thus, no prejudice or harm to Ferrellgas in granting leave to amend.

The circuit court did not abuse its discretion in granting leave to amend. Point denied.

**Point II: Cause Accrued in California**

▆ Ferrellgas argues, in Point II, that the trial court erred in granting summary judgment on its tort claims based on California's one-year statute of limitations because those claims accrued in Missouri. Thus, Missouri's five-year statute of limita-

tions applies, and the petition was not untimely. Ferrellgas also says the court erred in its finding as to when the claims accrued.

The trial court held that all of Ferrellgas' claims were barred by California's one-year statute of limitations for claims of legal malpractice, section 340.6 of the California Civil Procedure Code.[2] The fact of damage was, therefore, capable of ascertainment on the date of the *Hightower* verdict, October 12, 1990. Thus, for the matter to have been timely filed in Missouri, it needed to be filed no later than October 12, 1991. Instead, it was filed October 12, 1995, four years outside the statute of limitations.

■■■ Missouri's statute of limitations for personal injury actions, including legal malpractice, is five years. § 516.120; *Day v. deVries & Assoc., P.C.*, 98 S.W.3d 92, 95 (Mo.App.2003). When a cause of action "originates" in another state, however, the foreign state's statute of limitations becomes applicable through Missouri's borrowing statute, section 516.190. *Alvarado v. H & R Block, Inc.*, 24 S.W.3d 236, 241–42 (Mo.App.2000). Section 516.190 provides that "[w]henever a cause of action has been fully barred by the laws of the state ... in which it originated, said bar shall be a complete defense to any action thereon, brought in ... this state." Thus, if the foreign state's statute of limitations bars the action, then Missouri's borrowing statute acts to bar the action here as well. *Alvarado*, 24 S.W.3d at 242.

■■■ The term "originated," as used in the borrowing statute, is equivalent to the term "accrued." *Thompson v. Craw-*

*ford*, 833 S.W.2d 868, 871 (Mo. banc 1992). Under section 516.100, a cause of action "accrues" when the damage resulting therefrom "is sustained and is capable of ascertainment." *Id.* "Capable of ascertainment" means "capable of being ascertained by a reasonable person using reasonable diligence." *Cook v. DeSoto Fuels, Inc.*, 169 S.W.3d 94, 103 (Mo.App.2005). Whether damages are capable of ascertainment is an objective test, ordinarily decided as a matter of law. *Id.* Damage is ascertainable "when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct," regardless of whether the amount of damage is then known. *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. banc 1997). "Some damage for some amount" is all that is necessary to trigger accrual of a cause of action. *Day*, 98 S.W.3d at 97 (*citing Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983)).

■■■ Section 516.100 not only determines *when* a cause of action accrues but also *where* it accrues for the purpose of determining whether the borrowing statute applies. *Id.* at 95. "A cause of action accrues when and originates where damages are sustained and are capable of ascertainment." *Id.* (*quoting Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. banc 1984)).

Ferrellgas disputes the court's findings both as to *when* and *where* the cause of action accrued. With regard to *when*, Ferrellgas says the cause accrued as late as February 2003, when it received notice of the denial of rehearing, and no earlier than November 2002, when the appeal was

---

**2.** Section 340.6(a) of the California Civil Procedure Code provides:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of profes-

sional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission....

denied.[3] It is unnecessary to resolve this question, however, because Ferrellgas filed its action within five years after the verdict, but more than one year after the appeal was resolved. Thus, if Missouri's five-year statute of limitations controls, the petition was timely filed. If the California one-year statute applies, the petition is time-barred regardless of which of the three dates are used.[4] Thus, the relevant question is *where* the cause of action accrued.

Ferrellgas contends its tort claims originated, or accrued, in Missouri, citing *Alvarado v. H & R Block, Inc.*, 24 S.W.3d 236 (Mo.App.2000), in support. This court, in *Alvarado*, held that the cause originated in California where the plaintiffs first received notices from the IRS advising them of tax penalties connected with tax returns prepared by the defendant in Texas. 24 S.W.3d at 242–43. Ferrellgas contends, based on *Alvarado*, that a tort action accrues where the plaintiff "learns of or should have learned of" the last item of injury. Ferrellgas claims it had no representative present in the California courtroom when the verdict was returned;[5] therefore, it says, it first "learned of" the verdict when it received notification of it at its offices in Liberty, Missouri.

*Alvarado* does not stand for the proposition that where a plaintiff "learns of" its injury is where the cause of action accrues. We said, in *Alvarado*, that the "final significant event required for the Alvarados to have a suable claim was *the ascertainment of damages*," and that their cause of action "accrued where [they] ascertained that they had sustained damages in the form of assessed penalties by the IRS." *Id.* at 242 (emphasis added). It would have been technically more accurate to say that the cause accrued where the fact of damage became *"capable of* ascertainment"; the damage did not become capable of ascertainment until they were living in California. *Id.* Contrary to Ferrellgas' analysis, the judgment in *Alvarado* was not based on where the plaintiffs were physically located when they "learned of" the tax penalties, but rather on where the sustaining of damage first became capable of ascertainment. In *Alvarado*, that was California, when the Alvaradoes received the deficiency notices from the IRS. This case, unlike *Alvarado*, involves a courtroom verdict, not a tax deficiency. A courtroom verdict becomes a matter of public record, which is immediately "capable of ascertainment," whereas a tax penalty based on a deficiency assessment is not ascertainable to the taxpayer until the taxpayer receives a communication from the IRS. The assessment of penalties by the IRS are confidential; they are not matters of public record which are "capable of ascertainment" by any interested person.

All three counts in Ferrellgas' petition constitute claims for legal malpractice related to Smith, Gill's handling of the *Hightower* lawsuit in California.[6] These claims

---

**3.** The trial court disagreed with the assertion that the cause accrued either when the judgment was affirmed or when rehearing was denied, but held that the cause was time-barred by California's statute of limitations, regardless.

**4.** Ferrellgas is not assisted by California's tolling provision, CAL.CIV.PROC.CODE § 340.6(a)(2), which provides that the statutory period "shall be tolled during the time that ... [t]he attorney continues to represent the plaintiff

regarding the [same] subject matter [.]" Here, that was until February 1993 at the latest; thus, the outcome is the same.

**5.** Smith, Gill contends that a representative of Ferrellgas was present in the courtroom when the verdict was read. The court could not resolve that dispute, but correctly held that it was irrelevant in light of the accrual test applied.

**6.** Ferrellgas alleged in Count I that "Smith, Gill was negligent in providing legal services

originated (or accrued) in California, in that the *fact* of damage resulting from Smith, Gill's alleged mishandling of that lawsuit was "capable of ascertainment" in October, 1990. *See Cook,* 169 S.W.3d at 103. It is immaterial whether Ferrellgas actually discovered the damage at that place and time. *See Klemme,* 941 S.W.2d at 497. Of course, although it is immaterial, Ferrellgas actually did discover the fact of damage at that time and place through its attorneys, even though the full amount of the ultimate damage may not have been determined until appeals were exhausted. *See Dixon v. Shafton,* 649 S.W.2d 435, 439 (Mo. banc 1983).

Ferrellgas' claims are time-barred by section 340.6 of the California Civil Procedure Code, and the circuit court did not err in entering judgment in favor of the Smith Firms on that basis. Point denied.

### Point III: Breach of Contract Claim

██ In Point III, Ferrellgas argues that the trial court erred in granting summary judgment on its contract claim based on California's statute of limitations and in treating the contract claim the same as the tort claims. It also argues that the Smith Firms failed to meet their burden of establishing that the breach of contract claim accrued in California.

Ferrellgas says that because the Smith Firms failed to demonstrate when or where the contract claim accrued, the court was required to treat it as though it

accrued in Missouri, citing *Day,* 98 S.W.3d at 97. Ferrellgas points out that Smith, Gill contracted in Missouri to represent Ferrellgas in the *Hightower* case. Ferrellgas argues that the firm rendered legal opinions and gave Ferrellgas advice and counsel in Missouri, and that the bulk of Smith, Gill's work under the contract took place in Missouri. Ferrellgas says it did not allege in its petition that the actual conduct of the *Hightower* trial constituted a breach of contract; rather, that the breach consisted of Smith, Gill's failure to live up to its obligations to investigate and educate itself in the law and to advise its client accordingly.

As noted, all of the allegations in the petition related to Smith, Gill's handling of the *Hightower* lawsuit, including the breach of contract count. Count II alleged that "[a] contract created in Missouri existed ... under which [Smith, Gill] agreed to represent Ferrellgas as its attorneys in connection with the *Hightower* case," that Smith, Gill breached that contract, and that it "failed to fully and properly perform" under the contract. Ferrellgas cited numerous examples of those failures, all of which related to Smith, Gill's handling of the *Hightower* lawsuit. As the Smith Firms argued in their summary judgment motion however, "all of the claims filed against [Smith, Gill] arise out of the legal representation provided by [Smith, Gill] to [Ferrellgas] in the personal injury lawsuit filed by Mr. Hightower and tried and appealed in the state courts of California

and advice ... and failed to use that degree of skill and learning ordinarily used by members of their profession in the same or similar circumstances" in various respects, all of which directly related to the *Hightower* case. Count II alleged that "[a] contract created in Missouri existed ... under which [Smith, Gill] agreed to represent Ferrellgas as its attorneys in connection with the *Hightower* case" and that it "failed to fully and properly perform under the parties' contract and

breached the contract" in various respects. Count III alleged that "Smith, Gill made certain representations ... regarding the facts, law and risk of liabilities existing in connection with cases being litigated, including the *Hightower* case," that "Smith, Gill intended for Ferrellgas to rely upon its representations," and that "[r]epresentations made by Smith, Gill relating to the *Hightower* case were false[.]"

resulting from a propane gas explosion that occurred in Blythe, California."

Ferrellgas says the court erred in not treating the breach of contract claim as separate and distinct from the two tort claims, because the rules for determining where and when a contract action accrues are different than for torts. Ferrellgas cites some cases relating to breach of contract actions, but it does not provide any authority that actually supports the statement that the rules for determining where and when a contract action accrues are different from those for torts.

Because all the counts are claims "against an attorney for wrongful acts or omissions," and because all originated in California, each is subject to California's one-year statute of limitations for legal malpractice claims, CAL.CIV.PROC.CODE § 340.6. That statute makes no distinction in legal malpractice actions between claims based on a tort theory and those based on breach of contract. *See Levin v. Graham & James*, 37 Cal.App.4th 798, 44 Cal. Rptr.2d 69, 73 (1995) (for a claim of legal malpractice, "whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary duty, the one-year statutory period applies").

Missouri law also does not distinguish between tort and contract claims in analyzing "when" and "where" a cause of action accrues. The applicable "sustained and is capable of ascertainment" language applies both to torts and to breach of contract actions. *See* § 516.100 ("the cause of action shall not be deemed to accrue when the *wrong* is done or the *technical breach of contract or duty* occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment"). (Emphasis added.)

We have already established that California's one-year statute of limitations for legal malpractice claims is applicable here, via Missouri's borrowing statute, and that the court properly granted summary judgment on that basis. This applies equally to the breach of contract claim. The circuit court also did not err in entering summary judgment on that count.

### Conclusion

For the foregoing reasons, the judgment is affirmed.