

# Missouri Court of Appeals

## Southern District

### Division One

FRED KINGORI, )
         )
         Appellant, )
         )
vs. )      No. SD36931
         )      Filed: June 17, 2021
MHM SUPPORT SERVICES, )
d/b/a Mercy Care Management, )
         )
         Respondent. )
         )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Judge

**<u>AFFIRMED</u>**

Fred Kingori ("Kingori") appeals from the trial court's decision granting summary judgment in favor of MHM Support Services d/b/a Mercy Care Management ("Mercy"). In one point relied on, Kingori challenges the trial court's finding that his claims are "time-barred . . . by reason of the statute of limitation having accrued on August 9, 2016." Finding no merit to Kingori's point, we deny the same and affirm the judgment of the trial court.

**Factual and Procedural History**

Kingori was employed as a Programmer Analyst for Mercy from January 2013 to November 2016. In April 2016, Mercy posted three openings for a Senior Systems Analyst ("SSA"). Kingori applied for two of those positions, but was not selected for either one. He did not apply for the third position.

On August 9, 2016, Kingori had a meeting with his supervisor where Kingori was advised that M.H. had been chosen for the third position. Kingori accused his supervisor of discriminating against him on the basis of race and national origin.

On August 12, 2016, Kingori's supervisor sent an email to a select group of Mercy employees—including Kingori—that stated, "Please give a warm welcome to our new Senior System Analyst—[M.H.]"

On October 28, 2016, Kingori filed a "Charge of Discrimination" with the Missouri Commission on Human Rights ("MCHR") asserting that as a "black individual from the country of Kenya" he was discriminated against when Mercy hired "less qualified Caucasian individuals" to fill SSA positions. Kingori further asserted that he was not selected for any of the positions because of his "race and national origin."

On August 10, 2018, Kingori received a right-to-sue letter from the MCHR.[1] The same day, Kingori filed a Petition asserting discrimination by Mercy for failing to hire him for any of the SSA positions he applied for due to his race, and that Mercy instead hired "Caucasian individuals with less qualifications."

---

[1] Kingori had the right to request a right-to-sue letter from the MCHP 180 days after filing his complaint. *See* section 213.111.1, RSMo Cum.Supp. 2017. He elected not to make such a request.

On September 25, 2020, Mercy filed a motion for summary judgment asserting that Kingori's claims were barred "pursuant to the applicable [MCHR]'s two-year statute of limitations . . . (RSMo. Section 213.111.1). " Kingori thereafter responded.

On November 4, 2020, the trial court heard argument on Mercy's motion for summary judgment. The trial court took the motion under advisement, but allowed Mercy to provide additional case law in response to caselaw cited by Kingori. On November 6, 2020, Mercy filed its "Supplemental Reply in Support of its Motion for Summary Judgment," which Kingori filed a response to on November 10, 2020.

On November 13, 2020, the trial court entered summary judgment in favor of Mercy, finding no genuine issue of material fact existed as to what transpired on August 9, 2016; that Kingori received clear notice on August 9, 2016 that he was not being promoted to any position he sought; and that whether another applicant was promoted was not an element of Kingori's claim. The trial court found that Kingori's claims were time barred and granted Mercy's motion for summary judgment.

This appeal followed. In one point relied on,[2] Kingori argues:

> **PETITIONER-APPELLANT CHALLENGES AND CONTENDS THE TRIAL COURT'S FINDING THAT PLAINTIFF'S CLAIMS ARE 'TIME-BARRED' BARRED [sic] BY REASON OF THE STATUTE OF LIMITATION HAVING ACCRUED ON AUGUST 9, 2016 IS IN ERROR IN THAT AND BECAUSE THE ACT**

---

[2] We note that Kingori's point relied on fails to comply with Rule 84.04(d) in several respects. Kingori's point fails to comply with the format required by Rule 84.04(d)(1). This required format serves the important purpose of giving the opposing party notice of the precise matters in contention and informing the court of the issues presented for review. *Kyle Estate v. 21st Mortg. Corp.*, 515 S.W.3d 248, 253 (Mo.App. S.D. 2017). We further observe that the point relied on listed under Kingori's "Points Relied On" section differs from the point appearing in his "Argument" section. Kingori's point relied on also fails to comply with Rule 84.04(d)(5) in that "immediately following" the point relied on it fails to include a "list of cases not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Compliance with Rule 84.04 is mandatory, and "[l]ack of compliance with requirements of Rule 84.04 amounts to failure to preserve issues for appellate review." *State v. Gray*, 230 S.W.3d 613, 620 (Mo.App. S.D. 2007) (internal quotation and citation omitted). Nevertheless, we believe that we are able to discern the issue presented as to whether Kingori's discrimination claim was barred by the limitations period of section 231.111.1, and treat this claim *ex gratia*.

**OF DISCRIMINATION OCCURED [sic] AFTER AUGUST 10, 2016 AND SPECIFICALLY ON AUGUST 12, 2016 WHEN RESPONDENT ANNOUNCED THE HIRING FOR THE SSA POSITION THAT PETITIONER ALLEGED WAS A DISCRIMINATORY ACT.**

### Standard of Review

The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Only genuine disputes as to material facts preclude summary judgment. A material fact in the context of summary judgment is one from which the right to judgment flows.

*S.M.H. v. Schmitt*, 618 S.W.3d 531, 533–34 (Mo. banc 2021) (internal quotation and citation omitted).

### Analysis

Kingori argues that the trial court erred in finding his discrimination claim was time-barred.[3] He suggests that the limitation period of section 213.111.1 did not begin on August 9, 2016 when Kingori's supervisor told him he would not be receiving the SSA position, instead arguing that the limitation period began after August 12, 2016, when his supervisor sent an email to several Mercy employees asking them to "give a warm welcome to new Senior System Analyst—[M.H.]"

Section 213.111.1 in relevant part states:

Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after **the alleged cause occurred or its reasonable discovery by the alleged injured party**.

---

[3] Kingori does not assert that there are any material facts in dispute.

(Emphasis added).

As Kingori's "Response to Defendant's Supplemental Reply in Support of its Motion for Summary Judgment" explains:

> A discrete retaliatory or discriminatory act occurs on the day that it 'happened.' *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). A '**failure** to **promote**' claim as [sic] a paradigmatic discrete act for which an action accrues for **statute** of limitations purposes on the date on which a decision not to **promote occurs**. *See Forsyth v. Fed. Employment and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir.2005)[.]

(Emphasis in original).

Kingori's brief recites that he was "notified of [M.H.]'s promotion on August 9, 2016 during a meeting with [his supervisor]." Kingori and his supervisor "discuss[ed] [Kingori] not receiving the SSA position for which [M.H.] was promoted[.]" Upon learning of Mercy's decision to give M.H. the job (for which Kingori did not apply), Kingori accused his supervisor of "discriminat[ing] against [him] on this promotion based upon [Kingori]'s race and national origin."[4] This was sufficient to demonstrate Mercy's decision not to promote Kingori on August 9, 2016, and for Kingori's "reasonable discovery" of the alleged injury at that time, as Kingori's own statements at the August 9, 2016 meeting indicate. *See* section 213.111.1.

As the trial court correctly stated in its judgment:

> Based upon [Kingori]'s testimony and the undisputed facts, the fact of damage was ascertainable and made known to [Kingori] no later th[a]n by 8/9/16, especially given that he proclaimed Defendant's wrongful conduct caused such damage, during the same conversation in which he was notified of an adverse employment decision. *See*, *generally*, **Ferrellgas, Inc**[.] **v**[.] **Edward Smith, P.C.**, 190 S.W.3d 615, 620 (Mo. App. W.D. 2006).

---

[4] We note that in addition to conceding these facts in his brief on appeal, Kingori also admitted in his "Response to Defendant's Motion for Summary Judgment" that he was "notified of [M.H.]'s promotion on August 9, 2016 during a meeting with [his supervisor]," and that after learning of M.H.'s promotion, he told his supervisor "that he had discriminated against [him] on this promotion based upon [his] race and national origin."

Kingori had the right to request a right-to-sue letter 180 days after filing his complaint. *See* section 213.111.1. He instead elected to wait until the MCHR issued a right-to-sue letter on August 10, 2018, after more than 2 years had elapsed since the August 9, 2016 meeting. As such, Kingori's claim was time barred by section 213.111.1.

Kingori's point is denied. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

JACK A.L. GOODMAN, J. - CONCURS