Jerry and Kimberly NORMAN, Individually and as Husband and Wife, and Jerry Norman, as plaintiff ad litem for Kenneth Norman, a deceased minor, Appellants,

v.

Andy J. WRIGHT, M.D., Respondent.

No. SC 86089.

Supreme Court of Missouri, En Banc.

Jan. 25, 2005.

1. All references are to RSMo 2000 unless otherwise indicated.

David W. Ransin, Springfield, for Appellants.

Joel A. Block, Bruce E. Hunt, Glenn A. Burkart, Springfield, for Respondent.

MICHAEL A. WOLFF, Judge.

This Court again considers the judgment upon the verdict in favor of Kimberly and Jerry Norman against Dr. Andy J. Wright for the wrongful death of the Normans' son. In the first appeal, *Norman I*, 100 S.W.3d 783 (Mo. banc 2003), this Court reversed the circuit court's judgment reducing the verdict by the amount of a pretrial settlement with two other defendants.

This appeal presents essentially the same question. After remand, the circuit court allowed an amendment to Dr. Wright's answer to assert an affirmative defense and again reduced the verdict by the amount of the pretrial settlement. After opinion in the Court of Appeals, Southern District, this Court granted transfer and has jurisdiction. *Mo. Const. art. V, section 10.*

The facts, as set forth in *Norman I*, show that the Normans' son died from brain damage suffered during birth. The Norman's sued Dr. Wright, another doctor, and a hospital. A year before trial, the Normans reached a settlement in the amount of $100,000 with the hospital and the other doctor. After the settlement, only the claims against Dr. Wright remained and were the subject of the trial.

In his answer, filed after the settlement, Dr. Wright requested that the jury apportion the fault of all parties, citing section 538.230.[1]

The circuit court granted the Normans' motion to strike the request, citing a lack

of specific allegations. Dr. Wright did not amend his answer to make his affirmative defense more specific. Later, during a pretrial conference, Dr. Wright waived jury apportionment under section 538.230.

After the jury awarded the Normans' $308,855.35, Dr. Wright moved to reduce the verdict by $100,000, citing section 537.060.[2]

This Court held in *Norman I* that a reduction under section 537.060 must be pleaded and proved as an affirmative defense. 100 S.W.3d at 785. This Court held: "The trial court should not have reduced the judgment, because Dr. Wright failed to plead and prove the affirmative defense of reduction under section 537.060." 100 S.W.3d at 786.

In a footnote to this holding, this Court said that it need not "decide how late a trial court may permit amendment of the pleadings in order to request a reduction under section 537.060." This part of the footnote should not have been read to undercut this Court's holding by allowing an amendment to the answer in this case to assert an affirmative defense years after trial.

A settlement with some, but not all, defendants may trigger a remaining defendant's motion to amend the answer to raise the affirmative defense of reduction under section 537.060 or the affirmative defense of an apportionment under section 538.230, which applies to health care providers. 100 S.W.3d at 785.

Amendment of pleadings is addressed to the sound discretion of the trial court. Rule 55.33. Prompt assertion of these affirmative defenses after a partial settlement will negate or substantially undercut arguments of prejudice—arguments that might otherwise cause a trial court judge to exercise discretion to deny an amendment.

The partial settlement in this case occurred a year before trial. Prior to trial, Dr. Wright attempted to amend his answer to assert the affirmative defense of apportionment under section 538.230. He later abandoned this effort before trial. Dr. Wright waited until after trial to move that the verdict be reduced by the $100,000 amount of the settlement with the two defendants, under section 537.060. This Court in *Norman I* specifically disapproved a court of appeals decision that held that a motion for reduction of the verdict under section 537.060 may be filed, considered and ruled at any time after entry of judgment.[3] Here, as this Court noted in *Norman I*, the issue of reduction under section 537.060 was not raised by the pleadings, and the case was tried without any reference to that statute.

In this appeal, Dr. Wright does not seek a new trial. He seeks only to apply an affirmative defense after the case has been tried. In the context of this case, that is too late. The settlement that was reached with the other two defendants was, as

2. Section 537.060 provides in part:
 Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for

the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

3. *Julien v. St. Louis University,* 10 S.W.3d 150, 152 (Mo.App.1999)

noted, a year before the trial of this case. The trial court could have considered an amendment as timely during that period. In the circumstances of this case, it was an abuse of discretion for the trial court to allow an amendment to the pleadings to assert an affirmative defense after trial.

The judgment of the circuit court is reversed, and the case is remanded for the entry of a judgment on the jury's verdict that does not include a reduction for the settlement amount.

All concur.