Teddy L. HOOVER and Donna M. Hoover, individually, and as next friend for Matthew Kyle Hoover, a Minor, and Megan Nichole Hoover, a Minor, Plaintiffs–Respondents,

v.

BRUNDAGE–BONE CONCRETE PUMPING, INC., and Jack E. Dickens, Defendants–Appellants.

No. 27174.

Missouri Court of Appeals, Southern District.

June 26, 2006.

---

John S. Sandberg, Timothy C. Sansone, Sandberg, Phoenix & von Gontard, P.C., St. Louis, for appellants.

Gregory D. Williams, P.C., Sunrise Beach, for respondents.

KENNETH W. SHRUM, Presiding Judge.

This is a wrongful death action in which a jury returned a verdict favorable to Plaintiffs. The issue on appeal is whether the trial court abused its discretion when, following the verdict but before judgment was entered, it did not allow Defendants to amend their answer and plead a $30,000 setoff as an affirmative defense.[1] We find there was an abuse of discretion and that the amendment should have been allowed. The judgment is reversed and remand is ordered with directions.

Plaintiffs' wrongful death action against Defendants for the death of Kimberli Renae (Hoover) Gatewood ("Decedent") led to a jury verdict of $1 million for Plaintiffs. That verdict was rendered April 28, 2005.

Decedent died from injuries received when Dickens drove one of Brundage–Bone's concrete pumping trucks across the centerline of a roadway and collided with Decedent's vehicle. As a matter of trial strategy, Defendants admitted liability; consequently, the trial was confined to damage issues.

Other litigation arose from this accident. Specifically, Brundage–Bone sued Petitt–Jean Poultry, Hutchison Trucking Company, and the Missouri Department of Transportation in Dallas County, Missouri, for damages to its truck, injuries to its driver (Dickens), and for contribution for any amounts paid by Brundage–Bone to Plaintiffs. Brundage–Bone admitted that trial strategy was the reason it asserted these claims by separate suit, rather than as third-party defendant claims in Plaintiffs' action.[2]

On April 8, 2005—seventeen days before Plaintiffs' trial against Defendants started-Plaintiffs signed a release in favor of Petit Jean Poultry, Hutchison Trucking, and the Missouri Highway and Transportation Commission. As consideration for the release, Plaintiffs received $30,000. Plaintiffs' counsel explained, "We took their money and settled with them so that they could not be brought in at the last minute and have a continuance of the trial setting, and that was the whole basis of our settlement as far as we were concerned."

On May 10, 2005, Defendants filed a "Motion to File Second Amended Answer." This motion came after the jury verdict but before the trial judge had signed and filed the judgment. Specifically, Defendants asked leave to file an amended an-

---

1. In this opinion, the individual defendant is called "Dickens" and the corporate defendant is referred to as "Brundage–Bone." Collectively, Dickens and Brundage–Bone are called "Defendants."

2. Defense counsel explained to the trial judge that they recognized Brundage–Bone's claims against the separate defendants "may not be much of a claim which is why we don't want to bring them in this case and be pointing our finger downstream and saying, 'These are the culprits,' and then we get, you know, just raised the verdict."

swer to raise as an affirmative defense the $30,000 release and their entitlement to reduction of Plaintiffs' judgment by that amount. Defendants cited section 537.060, RSMo (2000), as authority for entitlement to the setoff.[3] They pointed to Rule 55.08 as the reason they needed to amend their answer as a prelude to getting credit for the $30,000 settlement.[4]

The trial court heard arguments on Defendants' motion to amend their pleading on May 13, 2005. Although no evidence was adduced in support of the motion, Plaintiffs conceded there were no factual disputes; that the settlement had been made as Defendants asserted; and that Defendants did not know of the settlement until after the jury verdict was reached. The trial court never explicitly ruled Defendants' motion to amend the pleadings. Instead, the court entered judgment for the Plaintiffs on June 9, 2005, for the full jury verdict, i.e., $1 million.

After the judgment, Defendants filed a motion for new trial. The only trial court error alleged therein was the court's refusal to allow a post-verdict amendment of Defendants' answer. Defendants asked that any new trial granted be confined to determining "the legal affect [sic] of the Release entered into by the Plaintiffs on April 8, 2005." The new trial motion was denied and this appeal followed.

In urging reversal, Defendants insist the trial court abused its discretion when it (1) denied Defendants' motion to amend their answer, (2) denied Defendants' motion for new trial, and (3) failed to apply a $30,000 setoff against the judgment. Defendants argue this was an abuse of discretion because, "they first became aware of Plaintiff's section 537.060 settlement after the trial" and their lack of awareness was "due to Plaintiff's failure to supplement a prior interrogatory answer regarding any settlement monies received by Plaintiffs."

■ In relevant part, Rule 55.33(a) provides that pleadings "may be amended only by leave of court or by written consent of the adverse party; and leave shall be fully given when justice so requires." The intent of this rule is that courts should liberally allow pleadings to be amended when justice requires. *Southwestern Bell Yellow Pages, Inc. v. Wilkins*, 920 S.W.2d 544, 550[17] (Mo.App.1996).

■ Even so, the principle of liberally allowing pleading amendments does not mean that the right to amend is absolute. *Dueker v. Gill*, 175 S.W.3d 662, 671[10] (Mo.App.2005). Nor does the "liberal amendment" concept give free rein to use pleading amendments as a stratagem of litigation; rather, "the purposes of the grant of an amendment is to allow a party to assert a matter previously unknown or neglected from inadvertence at the time of the original pleading." *Id.* at 672[13].

■ Whether to allow an amendment to pleadings is addressed to the sound

---

3. In pertinent part, section 537.060 provides:

"When an agreement by release ... is given in good faith to one of two or more persons liable ... for ... wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however, *such agreement shall reduce the claim by the ... consideration paid.* ..." (Emphasis added.)

4. All rule references are to Supreme Court Rules (2005), unless otherwise indicated. Rule 55.08 provides, in part:

"In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances.... A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance."

discretion of the trial court, Rule 55.33, and an appellate court "will not disturb its decision absent an obvious and palpable abuse of discretion." *Memco Inc. v. Chronister*, 27 S.W.3d 871, 877 (Mo.App. 2000). If a proposed amendment does not raise facts that a jury must resolve, allowing pleading amendment after all evidence has been adduced, but before judgment, is "a matter for the discretion of the trial court, with which [appellate courts] are not disposed to interfere." *Dye v. Div. of Child Support Enforcement*, 811 S.W.2d 355, 358 (Mo.banc 1991); *Sims v. Freeman*, 641 S.W.2d 197, 198–99 (Mo.App. 1982) (holding, "It has long been held that the trial judge has broad discretion to permit amendment of the pleadings at any stage of the proceedings, even after verdict").

On the other hand, " 'it is an abuse of discretion to not grant [leave to amend an answer] when justice so requires.' " *Sloan–Odum v. Wilkerson*, 176 S.W.3d 723, 725 (Mo.App.2005) (quoting *Dwyer v. Meramec Venture Assoc.*, 75 S.W.3d 291, 292 n. 2 (Mo.App. E.D.2002)). Thus, a court abuses its discretion if it denies a motion to amend when the record shows the only reason for the denial was the timing of the request. *Sloan–Odum*, 176 S.W.3d at 726[6].

In arguing that the trial court abused its discretion here, Defendants point out the following. First, as previously noted, Rule 55.08 provides that "[a] pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." This means that when "pleading affirmative defenses, their factual basis must be set out in the same manner as is required for pleading claims." *Tindall v. Holder*, 892 S.W.2d 314, 325[18] (Mo.App.1994).

Second, Rule 55.03(b)(3) provides, *inter alia*, that by pleading an affirmative defense, a litigant certifies that "the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Because of this, Defendants insist they could not have made a good faith allegation regarding the defense of setoff until they either had (a) reasonable grounds for believing they could produce evidence of Plaintiffs' settlement with other parties concerning Decedent's accident, or (b) reasonable opportunity to learn of the settlement through discovery.

Relying on this, Defendants maintain they could not have pled a setoff until after the trial. They say this is so because (1) the settlement did not occur until April 8, 2005 (approximately two weeks before trial); (2) Defendant did not learn of the settlement until after trial (a fact Plaintiffs' counsel conceded during the post-verdict arguments before the trial judge); and (3) Plaintiffs effectively denied Defendants a reasonable opportunity to learn of this settlement through discovery.

To support the latter claim concerning lack of discovery, Defendants point out that in January 2004, they propounded an interrogatory to Plaintiffs that asked: "Had plaintiff received any settlement monies … from any person, company, firm, [or] corporation … involved in this occurrence as a settlement, in whole or in part, of your claim?" The only answer ever given was that "Columbia Insurance Group paid for the Mustang [Decedent's vehicle]." The interrogatory was never supplemented, although Rule 56.01(e) mandates that prior responses to an interrogatory be amended "if the party learns that the response is in some material respect incomplete or incorrect and if the ad-

ditional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Defendants' arguments as outlined have merit. Under the facts as Plaintiffs concede them to be, Defendants could not have abided by Rules 55.03(b)(3) and 55.08 (which required them to implicitly certify they had evidence and facts to support a setoff defense) until after the trial. Moreover, the fact that Defendants' motion to amend came after the jury rendered its verdict was not fatal to their request to amend. This follows because the amount of the settlement ($30,000) is undisputed; accordingly, "[h]andling of any payment to be credited against [P]laintiff's claim is a matter of procedure" to be handled as a "court function," not a jury function. MAI 1.06 (6th ed), Committee Comment (1983) at 11. Continuing, the Committee Comment reads:

> "Under the new procedure, the parties should make a record out of the hearing of the jury regarding undisputed prior settlement payments made either as an advancement by the defendant or as a partial settlement payment by a joint tort-feasor. The trial judge, as a matter of law, then will take any prior payments into consideration and will credit them on the damages assessed by the jury's verdict as required by law."

*Id.* at 12. *See also Walihan v. St. Louis–Clayton Orthopedic Group, Inc.,* 849 S.W.2d 177, 182 (Mo.App.1993) (explaining, "it is the function of the trial court to reduce the amount awarded by the amount of the settlement and no instruction is given to the jury").

Since Plaintiffs were not entitled to have the section 537.060 issue submitted to the jury, the trial court had authority to grant Defendants leave to amend their answer to raise the setoff defense, even after the jury verdict. Rule 55.33(a). *See Dye,* 811 S.W.2d at 358; *Sims,* 641 S.W.2d at 198–99.

■ The only other issue is whether, under the circumstances, justice required allowance of Defendants' proposed amendment. *Sloan–Odum,* 176 S.W.3d at 725. Factors to be considered in deciding this issue include the following: (1) hardship to the moving party if leave is denied; (2) reasons for the moving party failing to include the matter in the original pleadings; (3) timeliness of the application; (4) whether the amendment could cure the inadequacy of the moving party's pleadings; and (5) injustice to the nonmoving party should leave be granted. *Memco,* 27 S.W.3d at 877.

Applying these five factors, we find that the trial court abused its discretion by not granting Defendants' post-verdict motion to amend their answer. First, Defendants will suffer a measurable hardship if they cannot amend, specifically, a loss of $30,000.

Second, Defendant could not have included the setoff defense in its earlier pleadings because there was no settlement until approximately 17 days before trial, Defendants never knew about the settlement until after trial, and Defendants' lack of knowledge was not the result of inattention or lack of diligence on their part. Rather, Defendants were kept in dark about the settlement because Plaintiffs did not supplement their interrogatory answers as required by discovery rules.

Third, Defendants' application to amend was timely, i.e., it was filed within twelve days of the settlement. Moreover, their amendment request was filed before judgment entry.

Fourth, an inadequacy in Defendants' pleading first arose once Plaintiffs effected their settlement. Allowing an amendment

would cure the belated inadequacy in Defendants' answer.

Fifth, no injustice will be foisted on Plaintiffs by the proposed amendment. This is so because Plaintiffs were "entitled to only one satisfaction for the same wrong." *Slankard v. Thomas,* 912 S.W.2d 619, 624[4] (Mo.App.1995).

Because all factors weigh in favor of allowing amendment, we are persuaded that denial of Defendant's motion to amend was so arbitrary and unreasonable as to indicate a lack of careful consideration, i.e., it was an abuse of discretion.[5] We reverse and remand with directions that the trial court allow the amendment, following which the trial court shall take the settlement payment into consideration and give Defendants credit for the settlement amount on the damages assessed by the jury's verdict.

GARRISON and BARNEY, JJ., concur.

---

5. We have not ignored *Norman v. Wright,* 153 S.W.3d 305 (Mo.banc 2005), a case that Plaintiffs rely on to argue for affirmance. In *Norman,* Judge Wolff wrote: "In this appeal, [the defendant] ... seeks ... to apply an affirmative defense [setoff to reduce verdict based on section 537.060] after the case has been tried. *In the context of this case,* that is too late." *Id.* at 306 (emphasis added). There, a settlement occurred over a year before trial and defendant's pretrial pleading showed he knew about the settlement before trial. Despite that knowledge, defendant did not plead for section 537.060 relief before trial. It was only after remand from an earlier appellate court decision that defendant sought to raise a section 537.060 issue via amended answer. *Id.* at 305–06. With those facts, the *Norman* court ruled the trial judge abused its discretion by allowing the amendment. *Id.* Those are not the facts here. Because of substantial factual differences, *Norman* does not aid Plaintiffs.