

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

PAULA DIANE ROBINSON,               )
                                    )
               Appellant,           )
                                    )
       v.                           )       WD77600
                                    )
CITY OF KANSAS CITY, MISSOURI,      )       Opinion filed:  December 23, 2014
                                    )
               Respondent.          )

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**The Honorable Janet L. Sutton, Judge**

Before Division Two:  Joseph M. Ellis, Presiding, Judge,
Victor C. Howard, Judge and Mark D. Pfeiffer, Judge

Paula Robinson appeals from a judgment entered in the Circuit Court of Clay County granting the City of Kansas City, Missouri's motion for summary judgment in a negligence action filed by Robinson against the City.  For the following reasons, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

At 5:55 p.m. on January 27, 2007, Appellant was driving north on North Brighton Road in Clay County, Missouri when a southbound vehicle driven by Joseph Nixon skidded on ice, crossed the center line, and struck Appellant's vehicle.  Salle Sochunta, the owner of the vehicle driven by Nixon, was a passenger in that vehicle at the time of

the accident. Appellant suffered physical injuries and property damage as a result of that accident.

On September 16, 2008, Appellant filed suit against Nixon, Sochunta, and the City of Kansas City, Missouri. Appellant alleged that Nixon had negligently operated his vehicle by failing to keep a careful lookout, driving at excessive speed, failing to timely apply his brakes, and failing to properly maintain his vehicle. Appellant claimed that Sochunta was liable for Nixon's acts because she was involved in a joint venture with him. With regard to the City, Appellant claimed that a water line operated by the City had broken due to the negligence of the City and had caused water to flow onto the roadway and freeze at the location where the accident had occurred. Appellant averred that the City was negligent in failing to properly install and maintain the water line in a manner that prevented freezing and breaking, failing to properly inspect and repair the water line when the break occurred, and failing to warn motorists of the water pooling in the roadway. Appellant claimed that the City's negligence in this regard had caused or contributed to cause the accident. The three defendants timely answered Appellant's petition. Appellant filed an amended petition on March 30, 2009, which was also timely answered by the defendants.

Appellant filed a second amended petition on December 27, 2010. Nixon and Sochunta were no longer included as parties in that petition. Appellant averred that the broken water line and resultant water leak had been reported to the City the day before the accident and that City employees had inspected the break. Appellant asserted additional claims of negligence against the City, averring that the City had negligently failed to take action to prevent ice from forming in the roadway when it knew of the

2

water line leak, failed to remove the ice after it formed on the roadway, failed to warn drivers of the ice, and failed to barricade the portion of the road where the ice was located. The City timely answered that petition.

Almost three years later, on October 15, 2013, the City filed a motion for leave to file an amended answer to Appellant's second amended petition, allowing it to add as an additional affirmative defense an assertion that Appellant had failed to comply with the notice requirement of § 82.210. Section 82.210 provides:

> No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.[1]

The City also filed a motion for summary judgment based upon Appellant's failure to comply with that statutory notice requirement.

On October 17, 2013, the trial court denied the City's motion to amend, noting that it would be prejudicial to allow such amendment on the eve of trial. Trial began on October 21, 2013, but a mistrial was declared following Appellant's opening statement.

On November 14, 2013, Appellant filed her response to the City's motion for summary judgment in which she argued that the issue of non-compliance with § 82.210 should not be considered by the trial court because it was not raised as an affirmative defense in the City's answer. Appellant further argued that § 82.210 did not apply to allegations of negligence related to the City's operation of water lines.

---

[1] Accordingly, Section 82.210 "requires: (1) Notice stating (a) the 'place where,' (b) the 'time when,' (c) the circumstances, and (d) that the injured person will claim damages . . .; (2) that the notice be in writing; (3) that the notice be given to the mayor." **Brickell v. Kansas City**, 265 S.W.2d 342, 344 (Mo. 1954).

On December 5, 2013, the City filed its reply in support of its motion for summary judgment. The City also filed a motion asking the trial court to reconsider granting leave to file its proposed amended answer. The City claimed that amendment should be allowed because trial was not set to occur until May 2014.

On March 27, 2014, the City's motion to reconsider leave to amend the answer and its motion for summary judgment were heard by the trial court. The trial court granted leave to file the amended answer and took the motion for summary judgment under advisement. The City's amended answer was officially filed on March 31, 2014. That same day, the trial court entered its order granting the City's motion for summary judgment without any findings of fact or conclusions of law. Appellant's motion to set aside the trial court's rulings was subsequently denied. Appellant brings three points on appeal.

In her first point, Appellant contends that the trial court abused its discretion in allowing the City to amend its answer to assert the failure to comply with § 82.210 as an affirmative defense five years into the litigation. She further asserts that the trial court improperly entered summary judgment on the same day the amended answer was filed without affording Appellant an opportunity to respond to the amended answer.

In response, the City argues that a plaintiff's failure to comply with § 82.210 is not an affirmative defense at all. It contends that compliance with § 82.210 is, instead, an element of the plaintiff's cause of action that must be pleaded and proven by the plaintiff. In support of this proposition, the City cites case law stating that compliance with § 82.210 "is a condition precedent to maintaining an action against the city." *Jones v. City of Kansas City*, 15 S.W.3d 736, 737 (Mo. banc 2000); *see also* **Travis v.**

4

**City of Kansas City**, 491 S.W.2d 521, 523 (Mo. 1973); **Lyon v. City of St. Joseph**, 87 S.W. 588, 588 (Mo. 1905).

However, in **Jones v. City of Kansas City**, 15 S.W.3d 736, 737 (Mo. banc 2000), upon which the City relies, the Missouri Supreme Court specifically noted that the city had "raised *the affirmative defense that [the plaintiff] had not complied with section 82.210.*" (emphasis added)  Indeed, multiple Missouri cases have specifically held that the failure to provide the notice required by § 82.210 is an affirmative defense that must be raised by the defending city.  *See* **Sanders v. City of Kansas City**, 107 S.W.2d 795, 797 (Mo. App. W.D. 1937) (noting that "[t]he defense of failure to give notice is an affirmative one" and holding that, because the city failed to plead that affirmative defense in its answer, the question of proper notice under § 82.210 was not an issue in the case); **Koontz v. City of St. Louis**, 89 S.W.2d 586, 589-90 (Mo. App. E.D. 1936) ("[P]laintiff is not required to plead the giving of the notice as part of her cause of action. . . . If the defendant proposes to put the matter of notice in issue, it should . . . do so by appropriate pleading."); **David v. City of St. Louis**, 96 S.W.2d 353, 357-58 (Mo. 1936) (adopting the *Koontz* rationale and holding that § 82.210 notice need not be pleaded by the plaintiff and must be pleaded by the defendant city for the failure to give proper notice to be at issue).  The City's argument to the contrary is without merit.

We must, therefore, consider whether the trial court abused its discretion in granting the City leave to amend its petition to include an affirmative defense of failure to comply with the notice requirement of § 82.210.  We must also address Appellant's contention that the trial court improperly entered summary judgment on the same day

5

the amended answer was filed without affording Appellant an opportunity to respond to the amended answer.

"The trial court is vested with broad discretion to grant leave to amend the pleadings at any stage of the proceedings."[2] *Johnson v. Allstate Indem. Co.*, 278 S.W.3d 228, 237 (Mo. App. E.D. 2009). The trial court's decision to grant or deny leave to amend "will not be disturbed absent an obvious and palpable abuse of discretion." *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 619 (Mo. App. W.D. 2006) (internal quotation omitted). "In order to show an abuse of discretion, a party has to demonstrate that the trial court's ruling is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration."[3] *Johnson*, 278 S.W.3d at 237 (internal quotation omitted).

Appellant argues that the City should have known whether it had received notice under § 82.210 when it filed its original answer in this case. She argues that she was prejudiced because she expended time and resources preparing the case for trial over a period of five years prior to this affirmative defense, which might be outcome determinative, being raised. However, "[p]rejudice is not measured by whether one party or the other would stand to suffer financial loss as a result of the court ruling. Instead, prejudice is measured by whether a party is deprived of a legitimate claim or defense because the motion for leave to amend caught that party by surprise after it had developed its strategy." *Ferrellgas*, 190 S.W.3d at 619.

---

[2]Rule 55.33(a) provides, in pertinent part, that pleadings "may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[3] "Trial courts are not to be stingy in granting leave to amend." *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 619 (Mo. App. W.D. 2006). On the other hand, "the 'liberal amendment' concept [does not] give free rein to use pleading amendments as a stratagem of litigation; rather, the purpose of the grant of an amendment is to allow a party to assert a matter previously unknown or neglected from inadvertence at the time of the original pleading." *Hoover v. Brundage-Bone Concrete Pumping, Inc.*, 193 S.W.3d 867, 870 (Mo. App. S.D. 2006) (internal quotation omitted).

6

Under the circumstances presented, while the City, with little to no excuse, waited an extensive period of time before attempting to raise its affirmative defense, and while we might not have found an abuse of discretion had the trial court denied the motion to amend, the trial court's decision to grant leave to amend with trial set a sufficient time away for Appellant to respond and prepare for trial does not shock our sense of justice or indicate a lack of careful consideration on the part of the trial court. Indeed, Appellant has not cited any case in which an abuse of discretion was found to have occurred where leave to amend was granted under similar circumstances. In short, the trial court did not abuse its discretion in allowing the City to amend its answer.

Much more problematic, however, is the trial court's entry of summary judgment against Appellant based upon the newly asserted affirmative defense on the same day that the amended answer raising that affirmative defense was filed. When an amended pleading has been filed by leave of the court, Rule 55.33(a) provides that the opposing party is to be afforded ten days in which to respond. Having granted leave to file the amended answer, before entering summary judgment, the trial court should have afforded Appellant at least ten days to respond to the amended answer and/or to amend her response to the motion for summary judgment, which had principally argued that the affirmative defense of notice under § 82.210 had been waived by the City's failure to plead it in its answer.[4]

_____

[4] Indeed, Appellant asserts that she would have presented substantive arguments regarding the § 82.210 notice issue had she known that the trial court would grant the motion to amend. In particular, Appellant argues that she was denied an opportunity to assert laches and a lack of prejudice to the City, among other matters. As we must remand the case for further proceedings, we leave it to the trial court to resolve any claims Appellant may choose to assert regarding the affirmative defense. On the issues of laches and lack of prejudice, we observe, in passing, that the City first raised its affirmative defense more than five years after the original suit was filed, and we have found no Missouri case permitting assertion of a new affirmative defense more than *four* years after commencement of the case. Moreover, the Kansas City Police Department, Fire Department and Water Department, among others, were all on the

7

Because of this error, we are compelled to reverse the trial court's judgment and remand the cause for further proceedings.[5]   On remand, the trial court is directed to afford Appellant at least ten days in which to file a response to the amended answer and/or to amend her response to the motion for summary judgment before ruling upon the motion for summary judgment or conducting any further proceedings in the matter.

_Joseph M. Ellis_
Joseph M. Ellis, Judge

All concur.

---

scene investigating the water leak and auto accident within minutes of the accident.  It is unclear how notice to the mayor thirty, sixty or ninety days later would have aided the investigation or the City's ability to defend against Appellant's tort claims.

[5] Having reached this conclusion, we need not address Appellant's other two points on appeal.  In her second point, Appellant argues that the trial court erred in granting the City's motion for summary judgment on all of her claims based upon a failure to comply with the notice requirements of § 82.210 because the provisions of that statute do not apply to her claims that related to a defective condition in the water line and that § 82.210 only applies to structures that facilitate travel and upon which travel occurs. In her third point, Appellant contends that the trial court erred in granting the City's motion for summary judgment because, even if the affirmative defense was not waived and the statute was applicable to her claims, her response sufficiently raised genuine issues of material fact regarding whether the provisions of § 82.210 were substantially complied with.  On remand, Appellant will have the opportunity to present these arguments to the trial court.