Nancy Steffen Rahmeyer, P.J.
Amber Hale ("Plaintiff") was injured when the vehicle she was driving collided with a train owned and operated by BNSF Railway Company ("Defendant" or "BNSF") at a railroad crossing in Webster County, in March 2008. Plaintiff filed suit in May 2009. Judge John W. Sims initially was assigned to the case and granted summary judgment in favor of Defendant and dismissed Plaintiff's suit. Plaintiff appealed and we reversed and remanded. Hale v. Wait , 364 S.W.3d 720 (Mo.App. S.D. 2012). Following the retirement of Judge Sims, the case was assigned to Judge Michel O. Hendrickson in January 2013. The case subsequently was tried to a jury in February 2016, on Plaintiff's Fourth Amended Petition, with the jury returning a verdict for Defendant. Plaintiff again appealed, and we reversed and remanded based on instructional error. Hale v. Burlington Northern & Santa Fe Railway Co. , 524 S.W.3d 603 (Mo.App. S.D. 2017). Beginning on the day after our mandate issued, Plaintiff unsuccessfully sought a change of judge first through a motion that the trial court denied and then through writs of prohibition first before us and subsequently before our Supreme Court that were denied. On October 2, 2017, the day that the Supreme Court denied Plaintiff's writ, Plaintiff filed a motion to amend her Fourth Amended Petition and submitted a proposed Fifth Amended Petition.
The Fifth Amended Petition proposed to:
*434 1. Reassert facts relating to (a) the operation of the train, and the physical characteristics of the railroad crossing and track, at the time of the collision, and (b) specific negligent actions or inactions, that initially were asserted in Plaintiff's original petition but subsequently deleted from amendments of the petition with or before the Fourth Amended Petition.
2. Add a new allegation of fact in paragraph 14, which read: "On March 23, 2008, the presence of trees, brush and buildings between South Iron Mountain Road and the railroad track obscured the vision of those motorists attempting to look east and cross the track." This allegation was based on evidence introduced at trial, and that had been available to Plaintiff since shortly after the collision.
3. Add new allegations of fact in paragraphs 18, 19 and 20, which read:
18. The train operated by [two named BNSF employees] on or about March 28 [sic], 2008 was carrying hazardous materials, including but not necessarily limited to Potassium Hydroxide and Sodium Hydroxide.
19. In certain circumstances, Potassium Hydroxide and/or Sodium Hydroxide can form explosive Hydrogen Gas.
20. Neither [of BNSF's employees] saw Plaintiff Hale's motor vehicle prior to the collision.
Paragraph 18 was based on documents Defendant produced in discovery; paragraph 19 was based on common knowledge; and paragraph 20 was based on testimony at trial, and also was discernible from pretrial depositions, of BNSF's two employees who were operating the train.
4. Add a new allegation of fact in paragraph 22, which read: "Plaintiff Hale did not see or hear Defendant BNSF's train or any warning signals, lights or sounds prior to the collision."
5. Reassert a request for punitive damages that initially was asserted in Plaintiff's original petition but subsequently deleted from amendments of the petition with or before the Fourth Amended Petition.
6. Add new allegations of fact in paragraphs 32 and 34 of the request for punitive damages, which read:
32. At the time of Plaintiff Hale's injury, Defendant BNSF had actual knowledge, through [two named BNSF employees], its agents, employees, lessees and others of extensive vehicle traffic, a high number of train movements, the transport of hazardous materials, unusually restricted site distance, and other occurrences of accidents or collisions where Plaintiff Hale was injured. Despite having such actual knowledge, Defendant BNSF did not deploy adequate and/or required safety and/or warning equipment at the site where Plaintiff Hale was injured.
....
34. In a matter of hours or days after the March 23, 2008 collision which caused the injuries to Plaintiff Hale, Defendant BNSF exercised its ownership and/or control over the area of the crossing to cause remediation, repair and/or reconstruction of the area of the crossing, the crossing and its safety and/or warning devices, to install the required automatic gates or arms to prevent motorists from entering the crossing while a train is present, all of which are remedial and/or precautionary measures which would have prevented Plaintiff Hale's injuries and were feasible prior to March 23, 2008.
The material new allegations of fact in paragraph 32 are shown in italics. The allegations relating to train movements and other accidents in paragraph 32 and the allegations in paragraph 34 were based *435 on documents Defendant produced in discovery.
In a written ruling on December 15, 2017, the trial court granted Plaintiff's motion to amend her Fourth Amended Petition except the trial court denied Plaintiff's request to add the facts newly alleged in paragraphs 14, 18, 19, 20, 32 and 34 of Plaintiff's proposed Fifth Amended Petition, and prohibited discovery with respect to those newly alleged facts. Following the trial court's denial on January 2, 2018, of Plaintiff's request for reconsideration of the trial court's December 15, 2017 ruling, Plaintiff promptly filed with us a petition for a writ of mandamus "compelling [the trial court] ... specifically to require fact pleading in the underlying cause of action." We issued a preliminary writ directing the trial court to permit the filing of an amended petition that includes paragraphs 14, 18, 19, 20, 32 and 34 of Plaintiff's proposed Fifth Amended Petition tendered October 2, 2017, and to permit discovery related to the facts alleged in those paragraphs. We now make that preliminary writ permanent.
Standard of Review
Generally:
"[t]he purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." Furlong [Cos., Inc. v. City of Kan. City] , 189 S.W.3d [157,] 166 [ (Mo. banc 2006) ]. To be granted relief by mandamus, a litigant "must allege and prove he has a clear, unequivocal, specific right to a thing claimed" and establish that he has a "clear and legal right to the remedy." Id. at 166. "Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." Id.
State ex rel. Robison v. Lindley-Myers , No. SC 96719, 551 S.W.3d 468, 474, 2018 WL 2927735, at *4 (Mo. banc June 12, 2018). However, though:
[o]rdinarily, mandamus is inappropriate as a means of controlling or directing how ... discretion shall be exercised. State ex rel. Kugler v. Tillatson , 312 S.W.2d 753, 757 (Mo. banc 1958). Nevertheless, mandamus will lie where the discretion has been exercised arbitrarily or capriciously or in bad faith. Id. at 758. Mandamus is a proper remedy to rectify a clear abuse of discretion by an inferior tribunal where that discretionary power is exercised with manifest injustice. State ex rel. Diners' Financial Corporation v. Swink , 434 S.W.2d 593, 597 (Mo.App. 1968).
....
Mandamus is not available to direct a trial court as to how it should exercise its discretion. Yeager v. Yeager , 622 S.W.2d 339, 341 (Mo.App. 1981). An appellate court may intervene through mandamus only to remedy a clear abuse of discretion. State ex rel. Brooks Erection and Construction Company v. Gaertner , 639 S.W.2d 848, 850 (Mo.App. 1982).
State ex rel. Peavey Co. v. Corcoran , 714 S.W.2d 943, 945, 946 (Mo.App. E.D. 1986) ; see also State ex rel. Johnston v. Luckenbill , 975 S.W.2d 253, 256 (Mo.App. W.D. 1998) (somewhat similar statement of the rule).
Analysis
Plaintiff attempts to frame the trial court's challenged action as a denial of Plaintiff's right and duty under Rule 55.05 to plead "a short and plain statement of the facts showing that [Plaintiff] is entitled *436 to relief."[1] That is an incorrect characterization of the trial court's action-the trial court did not deny Plaintiff the right to plead facts showing entitlement to relief, but rather denied Plaintiff the right to amend her petition, following the reversal of a jury's verdict against her, to assert specifically enumerated facts that had not been asserted previously in her original or amended petitions.
In the circumstances of this case, Rule 55.33(a) provides that a "pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 55.33(b) further provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
In addition:
"Trial courts are not to be stingy in granting leave to amend." Ferrellgas, Inc. v. Edward A. Smith, P.C. , 190 S.W.3d 615, 619 (Mo.App.W.D. 2006). On the other hand, "the 'liberal amendment' concept [does not] give free rein to use pleading amendments as a stratagem of litigation; rather, the purpose of the grant of an amendment is to allow a party to assert a matter previously unknown or neglected from inadvertence at the time of the original pleading." Hoover v. Brundage-Bone Concrete Pumping, Inc. , 193 S.W.3d 867, 870 (Mo.App.S.D. 2006) (internal quotation omitted).
....
"[P]rejudice is not measured by whether one party or the other would stand to suffer financial loss as a result of the court ruling. Instead, prejudice is measured by whether a party is deprived of a legitimate claim or defense because the motion for leave to amend caught that party by surprise after it had developed its strategy." Ferrellgas , 190 S.W.3d at 619.
Robinson v. City of Kansas City , 451 S.W.3d 315, 319 n.3, 320 (Mo.App. W.D. 2014).
As the trial court noted in its December 15, 2017 ruling permitting Plaintiff to file her proposed Fifth Amended Petition except to the extent the petition asserted facts in paragraphs 14, 18, 19, 20, 32 and 34 that had not been asserted previously in her original or prior, amended petitions, "there [was] no trial date, no discovery deadlines or Scheduling Order in effect" at the time of the ruling. Further, the newly asserted facts denied inclusion in the amended petition were based on (1) evidence presented at the previous trial, (2) documents produced by Defendant in discovery and testimony elicited from Defendant's *437 employees in pre-trial depositions and at the previous trial, and (3) commonly known and understood principles of chemistry. In these circumstances, we see no surprise to Defendant from the inclusion in the amended petition of the facts that the trial court excluded, and believe the trial court's action in excluding these facts and prohibiting discovery related to those facts was arbitrary and a clear abuse of its discretion.[2]
Our preliminary writ of mandamus is made permanent.
Daniel E. Scott, J.-Dissents in Separate Opinion
William W. Francis, Jr., J.-Concurs
DISSENTING OPINION
DANIEL E. SCOTT -DISSENTING OPINION AUTHOR
With ambivalence, but due to concerns largely tracking those expressed by the dissenting judges in State ex rel. Henley v. Bickel , 285 S.W.3d 327, 333-35 (Mo. banc 2009) (Fischer, J., dissenting), I respectfully dissent.

All rule references are to Missouri Court Rules (2018).

To avoid creating confusion in the future conduct of this case, we note that alleging a fact in a pleading does not automatically make evidence of that fact admissible at trial. Whether evidence of a pleaded fact is admissible at trial is a separate question that must be resolved under the rules of evidence and civil procedure. We decide only that the trial court should permit Plaintiff to file her proposed Fifth Amended Petition and permit discovery related to the facts alleged in the amended petition.